## Hunnier vs. Rogers.

A testator, after making various bequests, and giving " all the rest, residue and remainder " of his estate, both real and personal, unto his children living at his decease, and to the issue of such of them as should then be dead, empowered his executors to sell his real estate, in these words : " And I authorize and empower my executors * * * to sell all or any part of my real estate, at any time, in his or their discretion, at public or private sale, and to execute valid deeds of conveyance for the same, to the purchaser or purchasers thereof." *Held* that the will gave a clear power of sale to the executors, as to the testator's lands. That the power was a general power in trust under our statutes, and the trusts were authorized by the statute. And that a sale of the lands by the executors, under the power, was legal, and passed a good title to the purchaser. Clerke, P. J., dissented.
A purchaser from executors will get a good title if the will gives them a valid power of sale.

APPEAL from a judgment entered at a special term allowing a demurrer to the complaint and dismissing the complaint, with costs.

The action was brought by a vendor, against the purchaser, to enforce the specific performance of a contract for the sale and purchase of real estate. The material facts are set forth in the opinion of Justice Clerke.

Geo. G. Barnard, J. The conveyance by the executors of David Sampson passed a good title to the property in question. The will gives a clear power of sale of the testator's lands. It imposes upon the executors the duty of paying the testator's debts and legacies, and upon a certain contingency, the payment of money to the testator's unmarried daughters. The power is a general power in trust under our statutes. The trusts are authorized by the statute. The sale of the land under the will was legal. That there may be sufficient property to relieve the real estate, is not the subject of inquiry when a vested power in trust is executed. That question is material in determining whether the power should be exercised as between the

executors and the beneficiaries, but a purchaser will get a good title if the will gives a valid power of sale.

The court at special term fell into an error, and the judgment should be reversed and the demurrer overruled, with leave to the defendant to answer in twenty days, on payment of costs.

CARDOZO, J., concurred.

CLERKE, P. J., (dissenting.) This action is brought to enforce the specific performance of a written contract, by which the plaintiff agreed to sell, and the defendant agreed to purchase, certain real estate in the city of New York. The plaintiff had purchased this property from the executors of one David Sampson, deceased, under a power of sale contained in his will. By the provisions of this will, Sampson, after making a number of bequests, gives "all the rest, residue and remainder of his estate, both real and personal, unto his children living at his decease, and to issue of such of them as may then be dead," &c. Lastly, he empowers his executors to sell his real estate, as follows: "And I authorize and empower my executors, or such of them as shall qualify, the survivors and survivor of them, to sell all or any part of my real estate, at any time, in his or their discretion, at public or private sale, and to execute valid deeds of conveyance for the same, to the purchasers thereof."

In my opinion this power is clearly void. It is repugnant to the previous devise in fee to his children, &c. This case is very similar to that of *Quin* v. *Skinner*, (33 *How. Pr.* 229,) decided at the general term in the second district. The will in that case contained several bequests; and the testator devised and bequeathed all the rest, residue and remainder of his estate to his wife and to her heirs and assigns forever, and concluded by empowering his executors to sell and convey his real estate, &c., and to

pay over the proceeds to his wife. It was held that this was a general power in trust, and was manifestly repugnant to the direct and absolute devise to the plaintiff, his wife, and was void. The same principle is held, throughout, in *Lovett* v. *Gillender*, (35 *N. Y. Rep.* 617.)

The plaintiff's title to the property in question fails; and being unable to perform her part of the contract, the defendant cannot be compelled to accept the conveyance which she has tendered.

The judgment should be affirmed, with costs.

Judgment reversed.

[New York General Term, June 7, 1869. *Clerke, Geo. G. Barnard* and *Cardozo,* Justices.]