SARAH KINNIER, Respondent, v. WILLIAM C. ROGERS, Appellant.

The testator, by his will, after directing payment of his debts and making various bequests and a devise of his interest in certain designated real estate, gave "all the rest, residue and remainder of my estate, both real and personal," to his children. He then proceeded to name executors, and authorized them "to sell all or any part of my real estate at any time, in their discretion, and to execute valid deeds of conveyance for the same to the purchasers."

*Held*, that this power of sale did not charge the real estate, embraced in the residuary clause, with the payment of the debts and bequests, but was a valid power in trust to convert it into personalty, for convenience of distribution, to avoid the expense and delay of partition or other legal proceedings, thus beneficial to those interested in the residuary estate; and that the executors could convey good title.

(Submitted April, 1, 1870; decided June 23, 1870.)

APPEAL from a judgment of the General Term of the Supreme Court in the first judicial district, reversing a judgment, rendered on a demurrer to the complaint, in favor of the defendant.

The action was brought to compel the defendant to complete his purchase, under a contract between the parties for the sale and purchase of a house and lot in the city of New York, at the price of $31,000.

The complaint set out the will of one David Sampson, which, first, ordered the payment of debts and funeral

expenses; second, third, fourth, fifth and sixth, gave certain annuities and legacies; seventh, provided that two daughters of the testator should be furnished with suitable wedding outfits; eighth, devised a certain interest in designated real estate. The ninth clause of the will is as follows: " All the rest, residue and remainder of my estate, both real and personal, I give, devise and bequeath unto my children living at my decease, and the issue of such of them as may then be dead, in representation of its deceased parent, equally, share and share alike forever." Lastly, executors were appointed, after which the will proceeds: " And I authorize and empower my execu tors, or such of them as shall qualify, the survivors and survivor of them, to sell all or any part of my real estate at any time, in their discretion, at public or private sale, and to execute valid deeds of conveyance for the same to the purchasers thereof."

The complaint alleged, that Sampson died seized as owner in fee of the real estate in question, leaving children, some of whom were not of full age, and that the will was duly proved and recorded, and letters testamentary issued thereon to the executors. It further alleged a sale and conveyance of the lot in question, by the executors to the plaintiff, by virtue of the power conferred by the will; and a contract in writing, entered into between the plaintiff and the defendant, for the sale of the lot to the defendant, he agreeing to pay $31,000 therefor; that the plaintiff had executed and tendered a conveyance to the defendant, but the defendant refused to pay the purchase money or complete the purchase.

The defendant interposed a general demurrer to this complaint, which issue was tried, and judgment rendered sustaining the demurrer and dismissing the complaint.

On appeal to the General Term, this judgment was reversed, and the defendant appeals to this court.

*Charles E. Miller*, for the appellant, cited *Sharpsteen* v. *Tillou* (3 Cow., 660); *Jackson* v. *Janson* (6 John., 81); *Wooley* v. *Jenkins* (23 Beavan, 53); *Cole* v. *Sewall* (4 Drury

& Warren); 1 R. S., 734, § 102; 730 § 67; *Hutchins* v. *Baldwin* (7 Bosw., 249); *Quin* v. *Skinner* (33 How., 234); *Lovett* v. *Gillender* (38 N. Y., 622, 628); *Lupton* v. *Lupton* (2 John. Ch., 622); *Goddard* v. *Pomeroy* (36 Barb., 566); 4 Kent's Com., 317.

*Thomas H. Hubbard,* for the respondent, cited Jarman on Wills, vol. 2, pages 560, 573; *Harris* v. *Fly* (7 Paige, 425); *Tracy* v. *Tracy* (15 Barb., 505); *Rafferty* v. *Clark* (1 Bradf., 474); *Reynolds* v. *Reynolds* (16 N. Y., 259); *Meakings* v. *Cromwell* (1 Seld., 139); *Aldridge* v. *Lord Wallscount* (1 Ball & Beatty, 315); *Kellett* v. *Kellett* (id., 542); *Lord Inchquin* v. *French* (1 Cox Ch., 9) *Stapleton* v. *Colvin* (Cas. Tem. Talbot, 202, 208).

LOTT, J.   The question presented by this appeal is, whether the executors of the will of David Sampson had authority, under the power of sale therein given, to convey the land in question to the plaintiff.   The will does not in express terms charge it with the payment either of debts, annuities or legacies given thereby, nor do I find anything therein from which an intention to make such charge can be inferred or properly implied.   After a general direction to pay debts and funeral expenses, and the bequests of the annuities to his brother and sister, and certain general legacies, and a provision for a wedding or marriage outfit for two unmarried daughters, he, by the eighth clause, devises his share and interest in certain designated real estate, and then, by the next clause, makes a devise in the following terms: " All the rest, residue and remainder of my estate, both real and personal, I give, devise and bequeath unto my children living at my decease, and the issue of such as may then be dead in representation of its deceased parent, equally share and share alike forever."   This is followed by a distinct and separate clause, appointing three executors, and giving authority and power to them, or such of them as shall qualify, the survivors and survivor of them, to sell all or any part of his real estate at any time in their

or his discretion at public or private sale, and to execute valid deeds of conveyance for the same to the purchasers thereof. There is no special designation of the fund or property from which the debts and said annuities and legacies and provisions are to be paid and satisfied. The personal estate is, therefore, the primary fund applicable thereto, and the devise of the said residuary estate being in general terms, without any declaration or statement that the real estate is given after or subject to the payment thereof or of any part thereof, there is no ground for the inference that the testator intended to appropriate it to such purpose. It follows that such payment and satisfaction could only be made out of the personal estate, and the testator, in giving them the power to make sale of the real estate, cannot have intended its exercise for such object. It then remains to be considered whether the power has any validity whatever. Being an authority to make a sale and conveyance of land it is for a lawful purpose, and as it authorizes the alienation in fee by means of a conveyance to any alienee whatever, it is a general power. (1 Rev. Stat., 732, §§ 73, 74, 77.)

The absolute power of disposition is given to the executors; and if no other person has any interest in its execution, and it be construed as unaccompanied by any trust, it is a beneficial power in them and they take an absolute fee. (§§ 79 82 and 83.)

The question then arises, whether any other person has such an interest, or whether it is subject to any trust. It relates to real estate previously devised and disposed of by the eighth and ninth clauses of the will, and it must be construed in connection therewith; and the testator, in creating the power, with the knowledge that it could only apply to such real estate, cannot be understood as intending thereby to revoke the previous devises and dispositions thereof, and thus deprive the devisees of all interest therein, and of all benefit and advantage therefrom. They may consistently stand together, and both can have full force and effect. It appears by the case, that the testator left him surviving eight

children, three of whom were infants under the age of twenty-one years. The residuary real estate was, by the ninth clause of the will, above particularly set forth, devised to all of those children. The lot in question is a part, if not the whole of that estate. It is situated on the northerly side of Fourteenth street, in the city of New York, and is twenty-five feet front and rear, and 126 feet in depth. It was sold by the executors to the plaintiff in December, 1867, about two years and eight months after the date of the will, for $25,000. The testator, aware of the infancy of some of his children, and that such disability as to some of them might continue for some time after his death, and that the devisees would not be able to enjoy their shares in severalty without a sale thereof, probably acted with reference to those facts and circumstances, in giving discretionary power to the executors to sell the premises, if they should deem such sale beneficial to the interests of his children, and especially of those under age. The exercise of that power would secure a division of the avails among the parties in interest, without the delay and expense of an action in partition, or other judicial proceedings, and in my opinion, the power given by the will was intended to effect that object. The avails of the land, instead of the land itself, would in that case pass, under the residuary clause, to the children, and could at once be divided so as to be enjoyed by them in severalty, and they necessarily would have an interest in its execution. This would render it a general power in trust, which is created " when any person, or class of persons, other than the grantee of the power, is designated as entitled to the proceeds, or any portion of the proceeds, or other benefits to result from the alienation of the lands according to the power." (1 Rev. St., p. 734, § 94.)

This construction harmonizes and gives full effect to the different provisions of the will. The power, instead of being " repugnant to the previous devise to the children," as was claimed by CLERKE, P. J., in the dissenting opinion in this case, on the authority of *Quin* v. *Skinner* (49 Barbour, p.

128), (in which decision I did not concur. See note in 50 Barb., Sup. Cr. Rep., p. 4), was consistent therewith. The devise was subject to the power, and until it was exercised, the title to the land itself remained vested in the children, and after its exercise, they took it in its substituted form. It was, nevertheless, to all intents and purposes, substantially the same property.

These views lead us to the conclusion, that the executors had authority to sell and convey the premises to the plaintiff; and, as the only objection raised to her title is consequently removed, the judgment of the General Term, reversing that of the Special Term and ordering judgment for the plaintiff, was right, and must be affirmed with costs.

INGALLS, J. The power of sale contained in the will is clear and unambiguous, and leaves no doubt in regard to the intention of the testator. This relieves the case of much of the embarrassment which arises in cases where a power to sell is sought to be implied. The only question which we are called upon to consider is, whether the said power of sale is rendered inoperative and void, in consequence of the devise and bequest of the rest, residue and remainder of the estate, real and personal, to the children of the testator. The premises in question, or the avails thereof, are doubtless embraced within the last mentioned clause of the will. From a careful examination of the provisions of the will, I am of opinion that such power is valid, and that the plaintiff acquired title to the premises in question by virtue of the conveyance from the executors. The testator, by the will, directs the payment of debts, legacies and annuities, and the performance of that duty is expressly charged upon the executors. The clause devising and bequeathing all the rest, residue and remainder of the real and personal estate to the children of the testator would have the effect, according to many decisions, to create a lien upon that fund for the payment of such debts, legacies and annuities. (*Reynolds* v. *Reynolds*, 16 N. Y., 261; *Tracy* v. *Tracy*, 15 Barb., 503; *Brudenell* v. *Boughton*, 2 Atkins,

268.) It is quite evident that it was the intention of the testator to authorize his executors to sell any or all of his real estate, to enable them to discharge the duties and trusts imposed by the will, and thereby facilitate the settlement of the estate. But however this may be, I am clear that the devise and bequest of the rest, residue and remainder of the estate to the children was not inconsistent with the authority conferred upon the executors to sell. The effect of the two provisions construed together, was to authorize the executors to sell the real estate, and convert the same into money, and, after satisfying all claims properly chargeable against the fund, to distribute the residue among the persons entitled thereto according to said residuary clause of said will. The children of the testator would, according to this construction of the will, receive, instead of the specific property, the avails thereof arising from the sale. The Revised Statutes (vol. 3, p. 25, § 114, 5th ed.) defines a power in trust as follows: "§ 114. A general power is in trust when any person, or class of persons, other than the grantor of such power, is designated as entitled to the proceeds, or other benefits to result from the alienation of the lands according to the power." It is sufficient, if it can be gathered from the examination of the whole instrument, who are intended as the beneficiaries of the power, and what was the purpose of its execution. I am satisfied that the executors were fully authorized to sell and convey the premises in question, and that the plaintiff acquired a valid title under their deed. The decision of the General Term was correct, and the judgment should be affirmed, with costs.

All the judges concurring with LOTT, J., for affirmance of the General Term.

Judgment of the General Term affirmed.