## THE SYRACUSE SAVINGS BANK, RESPONDENT, *v.* GEORGE A. PORTER AND OTHERS, RESPONDENTS, AND EMILY HOWLAND AND OTHERS, APPELLANTS.

*Trust of real estate — when void for the reason that it is not authorized by the Revised Statutes — when a power to sell or mortgage is a power in trust and not a beneficial power.*

July 8, 1876, Cornelia H. Burton conveyed premises then owned by her to Emily Howland, by a deed reciting a consideration of $8,500. July 15, 1876, Emily Howland executed a quit claim deed of the premises reciting a consideration of $5,000, running to "Cornelia H. Burton * * * in trust for Anna G. Burton, Grace Burton and Burr Burton, with power to sell and convey or mortgage without the appointment of a guardian, of the second part," and conveyed the same premises "unto the said party of the second part and to *their* heirs and assigns forever," "to have and to hold the said described premises to said party of the second part, *their* heirs and assigns, to the sole and only proper benefit and behoof of the said party of the second part, *their* heirs and assigns forever." There was no pecuniary consideration for either of the deeds, and the grantees in the second, other than Cornelia, were infants.

*Held,* that the trust attempted to be created, not being authorized by the provision of the Revised Statutes, was void.

That the title to the property vested in the infants.

That the mother took a power in trust to sell or mortgage for their benefit, but not for her own.

APPEAL from a judgment, entered upon the trial of this action by the court at Special Term.

January 11, 1871, Cornelia H. Burton was the owner in fee of a house and lot in the city of Syracuse, and on that day she mortgaged it to the Syracuse Savings Bank to secure the payment of $1,000. January 21, 1871, the mortgage was duly recorded. July 8, 1876, Mrs. Burton conveyed the premises in fee to Emily Howland by a deed, which recited a consideration of $8,500. December 11, 1876, the deed was duly recorded. July 15, 1876, Emily Howland conveyed the house and lot to Cornelia H. Burton

by a quit-claim deed, reciting a consideration of $5,000, which was duly recorded June 18, 1878. The deed runs to " Cornelia H. Burton * * * in trust for Anna G. Burton, Grace Burton and Burr Burton, with power to sell and convey or mortgage without the appointment of a guardian, of the second part." The granting clause runs " unto the said party of the second part and to their heirs and assigns forever." The deed concludes, " to have and to hold the said described premises to said party of the second part, their heirs and assigns, to the sole and only proper benefit and behoof of the said party of the second part their heirs and assigns forever." The deed from Cornelia H. Burton to Emily Howland and the deed from Mrs. Howland to Mrs. Burton were executed without pecuniary consideration. Anna G. Burton, Grace Burton and Burr Burton are infants. April 4, 1878, Cornelia H. Burton mortgaged the house and lot to George A. Porter as collateral to another mortgage on other lands given by her and guaranteed by Porter. June 18, 1878, Cornelia H. Burton mortgaged the house and lot to Holden Brothers and to the Delaware, Lackawanna and Western Railroad Company as collateral security for $347.07 owing by her husband to the mortgagees, and also as security for any indebtedness which she might contract to the parties of the second part.

An action was brought for the foreclosure of the first mortgage, about the validity of which there was no question. The complaint was an ordinary complaint in foreclosure. The subsequent mortgagees were made parties defendants, but have not answered in the action. Cornelia H. Burton answered for herself, and, as trustee, that the subsequent mortgages and liens were binding only upon her interest and not upon the interests of the infants. The infants made a like answer by their guardian. The sole issue arises between the defendants in the action, pursuant to section 521 of the Code of Civil Procedure, and is, whether the infants or the mortgagees subsequent to the trust deed are entitled to the surplus. The Special Term held that the subsequent mortgagees were entitled to priority over the infants. The infants appealed.

*Hancock & Munro*, for the appellants.

*Louis Marshall*, for the Holdens and the railroad, respondents.

*Charles G. Baldwin*, for Porter and others, respondents.

FOLLETT, J. :

All of the parties to this action agree, and the trial court correctly held, that a trust, valid under the Revised Statutes, was not created by the deed from Mrs. Howland to Mrs. Burton. The infants contend that the title remained in Mrs. Howland, subject to the execution of the power by Mrs. Burton for the benefit of the infants, while the subsequent mortgagees contend that the title vested in the infants, subject to the execution of the power to sell. The trial court correctly held that the title vested in the infants. The parties attempted to create an express trust for a purpose not authorized by the statute, and the title vested in the infants under the forty-ninth section of the article of the Revised Statutes, entitled " of uses and trusts."

The mortgagees contend that the deed created a " beneficial power," while the infants contend that it created a " power in trust," which is the only remaining question, and upon the decision of which this case turns. The power authorizes the alienation in fee to any alienee whatever, and it is a " general power." (1 R. S., 732, §§ 77, 78.). A power is beneficial " when no person other than the grantee has, by the terms of its creation, any interest in its execution." (1 R. S., 732, § 79.) " A general power is in trust, when any person, or class of persons, other than the grantee of such power, is designated as entitled to the proceeds, or any portion of the proceeds, or other benefits to result from the alienation of the lands, according to the power. (1 R. S., 734, § 94.)

We think that the deed vests the entire title in the infants, for their sole benefit, and that it confers no beneficial interest in the land upon the mother, and that she has no pecuniary interest in the land, or in the execution of the power. (*Hunnier* v. *Rogers*, 55 Barb., 85 ; aff'd *sub. nom. Kinnier* v. *Rogers*, 42 N. Y., 531 ; 4 Kent's Com., 318.) The words, " with power to sell and convey or mortgage without the appointment of a guardian," indicate an intention, in connection with the other language in the deed, to vest the title in the infants, and enable the mother to transfer or incumber it for their benefit, without incurring the expense and trouble of an application to the court for leave to sell or mortgage, under the statute, through a special guardian.

The infants answered in this case, asserting their right to the

surplus. The record does not disclose cross answers on the part of the mortgagees asserting their right to the surplus, or controverting the claim of the infants, but the case having been disposed of in the trial court upon the theory that an issue had been joined between the defendants under section 521 of the Code of Civil Procedure, we have determined this appeal without regard to the regularity of the record. The infants are entitled to the surplus after payment of the judgment of foreclosure and the expenses of a sale, if it goes to a sale.

The judgment is reversed so far as it affects the rights of the defendants in the surplus, and also so far as it awards the subsequent mortgagee's costs out of the fund, and the infants are allowed one bill of costs on the trial and upon this appeal as against George A. Porter, Erastus F. Holden, Edwin R. Holden and the Delaware, Lackawanna and Western Railroad Company.

HARDIN, P. J., and BOARDMAN, J., concurred.

Judgment reversed so far as it affects the rights of the defendants to the surplus, and also so far as it awards the subsequent mortgagee's costs out of the fund, and the guardian *ad litem* is allowed one bill of costs on the trial and upon this appeal as against George A. Porter, Erastus F. Holden, Edwin R. Holden and the Delaware, Lackawanna and Western Railroad Company, and judgment ordered that the surplus be paid to the guardian.