THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Appellant, *v.* SARAH A. SHIPMAN et al., Respondents.

The will of S., after directing the payment of his debts and funeral expenses by his executrix, gave his residuary estate to E., his wife, who was appointed his sole executrix, so long as she should remain his widow, and upon her death or remarriage to his children. E. was authorized to make such " advances " out of said residue to any or either of his children as she should " deem best for the maintenance and support of any such child or children," and the amount so advanced to be deducted from the share of the child for whose benefit it was made, upon final division. E. was appointed guardian of the minor children, and was empowered " to mortgage, lease, sell or dispose " of the property as she should deem best for the purpose of carrying into effect the provisions of the will. E. remarried, and thereafter executed a mortgage on certain real estate, part of the residuary estate, to secure a loan. In an action to foreclose the mortgage it appeared that at the time of the execution of the will the children referred to were all minors, and four of them were still under age; that ever since the death of the testator E. had provided for their education and support, and all resided until after the execution of the mortgage upon the mortgaged premises. There had been no accounting or settlement by her as testamentary guardian and no division of the estate. *Held*, that the power of E. to make advances, and to mortgage the property for that purpose, did not cease upon her remarriage, but there remained in her a general power in trust (1 R. S. 732, § 77), the children taking an absolute fee, subject to the execution of the power; that by the word " advances " was intended the sums expended for the maintenance and support of said children; and, in the absence of evidence that the money loaned for which the mortgage was given was not needed and was not used for the maintenance and support of the children, the mortgage was valid.

*It seems* that had the money been loaned for other purposes, with knowledge on the part of the mortgagee, this would have been a good defense to the action.

(Argued December 2, 1887; decided January 17, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made the first Tuesday of January, 1885, which affirmed a judgment in favor of defendants entered upon a decision of the court on trial at Special Term.

This action was brought to foreclose a mortgage executed to plaintiff by one Elizabeth L. Campbell, individually and as

executrix of Parson G. Shipman, deceased. She was formerly his widow, and the question upon which the appeal turns relates to her authority as executrix. His will directed:

*First.* That his debts and funeral expenses should be paid by his executrix.

Then followed these words:

"*Second.* I give, devise and bequeath all the rest, residue and remainder of my estate and property, both real and personal, of every kind and description, whatsoever and wheresoever the same may be, unto my dear wife, Elizabeth L. Shipman, to have and to hold the same for her own use and benefit so long as she shall remain my widow, and upon the death or remarriage of my said wife, I give, devise and bequeath the said rest, residue and remainder of my said estate and property unto the children born to me by my said wife, to be divided .between them in equal proportions, share and share alike, to have and to hold the same to them, their heirs and assigns forever, and I do hereby authorize and empower my said wife to make such advances out of the rest, residue and remainder of my said estate and property to any or either of the said children born to me by my said wife, as she shall in her discretion deem best for the maintenance and support of any such child or children ; the amount of which advances shall be charged to and deducted from the share or shares of any such child or children upon the final division of said rest, residue and remainder.

"*Third.* I hereby nominate and appoint my said wife, Elizabeth L. Shipman, sole executrix of this. my last will, and guardian of my minor children ; and I do hereby authorize and empower my said executrix to mortgage, lease, sell, dispose of and convey the whole or any part of my estate and property, both real and personal, for such price or prices, and upon such terms and conditions as she shall in her discretion deem best; and to execute, acknowledge and deliver all necessary and proper deeds and instruments for that purpose; and to invest and reinvest the proceeds thereof ; and to. exchange investments of the same, in such manner as she shall

deem best for the purposes of carrying into effect the provisions of this, my will."

The trial court found that the children referred to in the will are the defendants in the action, that they were all minors at the time of its execution and that four of them are still minors; that ever since the death of the testator the executrix had provided for their education and support out of her income from the estate and otherwise, and that she and the children from the time of the death of the testator until after the execution of the mortgage, resided upon the premises therein described. He further found that "there has been no accounting or settlement, as between the said testamentary guardian and the children, nor has there been any division of said estate," but that on September 14, 1872, the executrix rendered an account to the surrogate, showing payment by her of the funeral expenses and debts of the deceased, and obtained from the surrogate a final settlement thereof. She subsequently, June 26, 1876, married Joseph B. Campbell, who is also made defendant in this action. On the 15th of June, 1878, the plaintiff loaned to her the sum of $2,500. This was the consideration of the bond and mortgage described in the complaint. The trial court denied a recovery because in its opinion the estate in the mortgaged premises "devised by the aforesaid will to the said Elizabeth L. Campbell had ceased, and that such estate did cease on the day of her marriage with Joseph B. Campbell; that at that time the children as devisees named in the will became possessed of the absolute estate in fee in the mortgaged premises and had such absolute estate at the time the plaintiff received the mortgage, subject only to the dower estate therein of their mother; that as to them and their estate the mortgage was inoperative and void." The complaint, therefore, was dismissed so far as they were concerned and judgment for costs awarded in their favor.

Further facts appear in the opinion.

*Albert H. Harris* for appellant. The executrix took the testator's land in fee, in trust for the testator's children, subject

to the estate granted to her during widowhood. (1 R. S. 728, § 55; *Tobias* v. *Ketchum*, 32 N. Y. 319; *Morse* v. *Morse*, 85 id. 53.) The power given to the executrix did not cease on her remarriage. (2 R. S. 97, § 76; *Hetzel* v. *Barber*, 69 N. Y. 1.)

*A. J. Abbott* for respondents. No intention can be gathered from the will to give the executrix the control of the property after she had forfeited by her remarriage all right thereto. All the right she could possibly have after such remarriage to the control of the property in any way was the right of possession as guardian of the shares belonging to the infant children until they arrived at age. (Perry on Trusts [1st ed.] §§ 475, 498.) The plaintiff was bound to know, at the time the mortgage was executed, the condition of things upon which the right to exercise the power in question depended. (1 R. S. 730, § 65; 3 R. S. [7th ed] 2183; *Briggs* v. *Davis*, 20 N. Y. 15.)

Danforth, J. It cannot be denied that the will above quoted imposes duties on the executrix and expressly confers authority upon her, by the exercise of which those duties may be performed. She has first to pay the debts and funeral expenses; she is then given during life or until she remarries, the entire estate of every description for her own use, and upon either of those events happening, the residue and remainder of the estate goes to the children, but she is "authorized and empowered to make such advances out of" that residue to any or either of the children, as she shall, in her discretion, deem best, for their maintenance and support.

The respondent contends, and such seems to be the opinion of the court below, that such advances could be made only out of the *corpus* of the estate "while the wife was entitled to its use and before the children became absolutely entitled to it by the remarriage or death of the wife." In view of the situation of the parties this seems an unreasonable limitation. The children were young, without other means of support, and their necessities might continue after the death or remarriage

of their mother. The authority to make advances was evidently designed to cover the period of infancy, and the words should not be construed in a technical sense. She was their guardian and directed to provide for their maintenance and support, and that provision was to be in "her discretion." There is then a provision that the amount of these advancements shall be charged to "and deducted from the share or shares of any such child or children upon the final division of said rest, residue and remainder." There has been no such division. Nor does it appear that other property came to the hands of the executrix, from which such advances could be made. Then follows an authority to the executrix to mortgage, lease, dispose of and convey the whole of the testator's property according to her discretion and as she shall deem best for the purposes of carrying "into effect the provisions of the will." It would seem apparent, therefore, that the scheme of the testator required the executrix to collect the rents, convert the land, receive its proceeds and apply them for the purposes of the will. Having that power and being charged with that duty, there is no reason why the disposition of the estate should not be made by the executrix after her remarriage as well as before.

In *Kinnier* v. *Rogers* (42 N. Y. 531), the language of the will was not unlike that before us. There the testator, after directing payment of his debts and making certain bequests, gave all the rest, residue and remainder of his estate, both real and personal "to his children." He named executors, authorized them to sell any part of his real estate at any time in their discretion, and execute valid deeds for the same to purchasers. It was held that he thereby invested his executors with a power in trust to convert the land into personal estate for convenience of distribution and thus avoid the expenses or delay of partition or other legal proceedings, and that the executors could convey good title. In the case before us the executrix is authorized to sell and convey the land. She is authorized to mortgage or lease it. She is empowered to invest and reinvest the proceeds, and to do all this as to her

shall seem best for carrying out the provisions of the will. It does not appear that the mortgage was executed for any other purpose, nor if it were that the plaintiff is chargeable with knowledge thereof. There was therefore in the executrix a general power in trust (1 R. S. 732, § 77), and the children of the testator took an absolute fee in the land, subject to the execution of the power. (*Kinnier* v. *Rogers, supra.*)

Nor do we think the word "advances" was used in the technical and restricted sense applied to it by the learned counsel for the respondents. The meaning of the testator should be ascertained and the word defined in view of the object to be accomplished by expenditure of money, and in that light the amount expended "for the maintenance and support" of the children, or either of them, expresses the "advance" which the executrix is authorized to make, and whether those expenditures shall be made from income or taken from the widow's own property, to be afterwards repaid from rents or money obtained on mortgage or by sale cannot be material. All these means were by the broad language of the testator entrusted to her.

Notwithstanding this the answer of the defendants, if proven, would constitute a defense. They allege a right on the part of the executrix to make advances out of the estate for the maintenance and support of the children of the testator, and for no other purpose, and a right to mortgage the estate for such purpose, but declare that the plaintiff loaned the money mentioned in the complaint to the defendant Joseph B. Campbell for his sole use and benefit, to be used in his business as the said plaintiff was informed. The defense, however, was not established either by the findings of the court or the evidence. But the case turned upon a construction of the will which seems to us erroneous, and it may be that upon another trial the alleged facts will be shown.

The judgment so far as appealed from should be reversed and a new trial granted, with costs to abide the event.

All concur, except PECKHAM, J., not sitting.

Judgment reversed.