THOMAS HARVEY, APPELLANT, *v.* GILES S. BRISBIN AND OTHERS, RESPONDENTS.

*Construction of a power of sale given to a trustee by a will — it does not prevent the vesting of the title to the real estate in the heirs-at-law — when it does not survive the death of the beneficiary for whom the trust was created — the occupants of the lands which have been sold by the trustee must be made parties to an action to determine the validity of the sale.*

Catharine S. Bailey died in 1871, leaving a last will and testament, by which she directed and empowered her executors to sell certain real estate and gave the avails to them, in trust, to pay the income to Matilda Brisbin and Fanny B. Haight, her daughters, during their lives, and on their death the principal to be paid to their children, respectively. Matilda Brisbin, wife of Giles S. Brisbin, died intestate, in 1876, leaving Nathan B. Brisbin, Catharine S. B. Down and Fannie M. B. Wright, his and her children surviving, who, July 24, 1876, assigned to Giles S. Brisbin, during his natural life, so much of the income aforesaid, mentioned, and provided for in the will of the said Catharine, as would otherwise have come 10 them.

In 1879, Hollister and Fanny B. Haight recovered a judgment against Giles S. Brisbin, which was duly docketed on May 1, 1879, on which an execution was issued, in November, 1883, under which the sheriff, on the 29th day of December, 1883, sold the interest which Giles S. Brisbin had in that real estate on the 1st day of May, 1879, or at any time thereafter, a sheriff's certificate being given, and fifteen months after, about March 31, 1885, the usual sheriff's deed, to Edward F. Bullard. Brisbin, who qualified as an executor, was, about May 3, 1886, removed by the surrogate, and Haight, who was also appointed an executor, qualified about June 20, 1886, and afterwards, about that time, under the power contained in the will, sold the real estate.

The plaintiff, to whom Bullard (the purchaser at the sheriff's sale), on April 6, 1887, conveyed all his interest in the real estate and in the income, brought this action and asked that the title of the estate, which belonged to the said Matilda, may be declared vested in the plaintiff during the life of Giles S. Brisbin, and that the plaintiff recover the income from the said Haight since March 31, 1885.

*Held*, that as the will of Catharine S. Bailey did not dispose of the real estate, it descended to her heirs subject to the power of sale given to the executors.

That, on the death of Matilda Brisbin, her half went to her children above named, subject to the tenancy by the courtesy of Giles S. Brisbin.

That, as the object of the power of sale was to turn the real estate into cash, to invest and to hold the proceeds during the life of Matilda Brisbin, in trust, no trust whatever as to her half of the estate continued beyond the life of Matilda, and that at her death her children were absolute owners except as to the tenancy by the courtesy.

That the fact that there was another half of the property in which a trust might be created for Fanny B. Haight did not affect the matter, as the interest of Mrs. Brisbin and that of Mrs. Haight were as distinct as if separate pieces of property had been set apart for each, and that the power of sale might continue as to Mrs. Haight's share though it ceased as to Mrs. Brisbin's.

That if the sale under the execution and the subsequent deed was claimed to have conveyed the tenancy by the courtesy of Giles S. Brisbin, so that the same belonged to the plaintiff, that question could not be decided in this action as the purchaser, under the sale by Haight, was not made a party, and it did not appear who was the occupant of the land with whom the plaintiff must try the question of title.

That, even if it were admitted that the power continued, and that the sale by Haight thereunder conveyed the title of the Brisbin children, still the purchaser at the execution sale would obtain none of the rights arising under the instrument of July 24, 1886, even if it should be held that Giles S. took anything thereby, as he did not take any title thereunder to the real estate.

That if the Brisbin children, as plaintiff claimed, conveyed a legal life estate to Giles S. Brisbin, then such life estate either was or was not subject to the power of sale; that if it was, then the plaintiff's title was lost by the sale, and if it was not, then the plaintiff must bring his action against the occupants of the land.

APPEAL from a judgment entered on August 14, 1888, in the office of the clerk of Saratoga county, dismissing the complaint in this action, without costs.

*E. F. Bullard*, for the appellant.

*C. A. Waldron*, for the respondents.

LEARNED, P. J.:

The defendants answered the complaint setting up six defenses. The plaintiff demurred to the fourth and fifth. The demurrer was overruled and judgment ordered for defendants thereon, unless plaintiff should apply for leave to amend his complaint. Plaintiff failed to do this and judgment was rendered, reciting also that the complaint did not state a cause of action and dismissing the same. The plaintiff appeals.

The fourth answer really alleges no facts which do not appear in the complaint, and the fifth answer is no defense if the plaintiff's legal position is correct, taken in the complaint. Catharine S. Bailey died in 1871. By her will she directed and empowered the executors to sell certain real estate, and gave the avails to them in trust, and to pay the income to Matilda Brisbin and Fannie B. Haight, her daughters, during their lives, and on their death the principal to be paid to their children, respectively. In the opinion of the Special Term this clause of the will is stated at length, by which it appears that the time of sale was to be in the discretion of the executors. Matilda Brisbin, wife of Giles S., died intestate in 1876, leaving Nathan B. Brisbin, Catharine S. B. Down and Fannie M. B. Wright, his and her children surviving. Afterwards, in 1876, Nathan, Catharine and Fannie M. B. Wright, assigned to Giles S., during his natural life, so much of the income aforesaid mentioned and provided for in the will of said Catharine, as would otherwise have come to them.

In 1879 Hollister and Fannie B. Haight recovered a judgment against Giles S. Brisbin, duly docketed May 1, 1879, on which an execution was issued in November, 1883, under which the sheriff, on the 29th of December, 1883, sold the interest which Giles S. had in that real estate on the 1st of May, 1879, or at any time thereafter. A sheriff's certificate was given, and fifteen months after, about

March 31, 1885, the usual sheriff's deed to Edward F. Bullard. Said Brisbin and N. S. Haight were executors under said will. Brisbin qualified, and about May 3, 1886, was removed by the surrogate. Haight qualified about June 20, 1886, and afterwards, about that time, under the power, sold the real estate; the net proceeds being $3,016.04, of which one-half would have gone to the children of Matilda, subject to such rights as Giles S. had. Previous to the sale and on the 7th of August, 1884, Fannie M. B. Wright died intestate, leaving her father, Giles S., and her brother Nathan, and her sister Catharine, her next of kin and heirs-at-law.

It does not appear who was the purchaser on the sale by the executrix. On the 6th of April, 1887, Bullard conveyed to plaintiff all of his interest in the real estate and in said income, etc. The plaintiff avers that the executor is willing to pay the income to such party as may be entitled to it, but that the defendants, or some of them, claim the same. He asks that the title of the estate which belonged to said Matilda may be declared vested in plaintiff during the life of Giles S., and that the plaintiff recover the income from said Haight since March 31, 1885. As the will of Catharine S. Bailey did not dispose of the real estate, that descended to her heirs, subject to the power of sale given the executors; on the death of Matilda Brisbin, her half went to her children above-named, subject to the tenancy, by the courtesy of Giles S. (*Hatfield* v. *Sneden*, 54 N. Y., 287). It has evidently been supposed also that this half descended to the children, subject to the power of sale given in the will; and the plaintiff cites *Mutual Life Insurance Company* v. *Shipman* (108 N. Y., 19) on this point. That case is not at all analogous. The question has not been presented very fully, but we do not see why the power of sale should continue as to this half. When the purpose for which a power is created ceases, the power ceases. (1 R. S., 730, § 67; Id., 734, § 102.) The object of this power was to turn this real estate into cash, to invest and to hold it, during the life of Maltida Brisbin, in trust; after her death the principal was to go absolutely to her children then living; no trust whatever as to this half of the estate continued beyond the life of Matilda; at her death her children were absolute owners, except as to the tenancy by the courtesy. Now, as this land had not been sold during Matilda's life, no purpose existed for a sale thereafter.

This was not a power for purposes of partition, but only for the purposes of creating a trust fund during Matilda's life. The fact that there was another half of the property in which a trust might be created for Fannie B. Haight did not affect the matter. The interests of Mrs. Brisbin and those of Mrs. Haight were as distinct as if separate pieces of property had been set apart for each. The power of sale might continue as to Mrs. Haight's share though it ceased as to Mrs. Brisbin's. As said above, the Brisbin children were the owners of the property in fee; if sold the avails would have to be paid to them, and could not be held in trust. Why should the power of sale continue? Its sole purpose had ceased as to this half.

Then the question arises, what was the effect of the instrument of July 24, 1876. The instrument is not before us. As stated in the complaint, it conveyed for the life of Giles S. so much of the interest and income provided for in the will, etc., as would otherwise come and accrue to said children. The plaintiff urges that this conveyed a life estate in the land, and cites *Flanagan* v. *Flanagan* (8 Abb. N. C., 417, and 1 R. S., 727, § 47); but, as stated in the complaint, the instrument did not purport to convry a right to the rents and profits. It had reference plainly to the income derivable under the trust, and must have been signed under the view that the trust was still in force. It would be giving an unreasonable construction to hold that it was intended or ought to operate as a conveyance of an estate for life.

Furthermore, if the trust had continued for the benefit of these children of Matilda (as they seemed to have supposed that it did), the income therefrom would have been inalienable. (1 R. S., 730, § 63.) So that the instrument was inoperative upon the supposed trust. It ought not, in order to give it force, to be held to apply to a legal estate.

If the sale under execution and the subsequent deed is claimed to have conveyed the tenancy by the curtesy of Giles S. so that the same belongs to the plaintiff, that cannot be decided in this action. For the purchaser under the sale by Haight is not a party and it does not appear who is the occupant of the land. The plaintiff must try that title with the occupant. That sale, under execution, conveyed nothing which Giles S. is supposed to have acquired by

the instrument of July 24, 1876, for the reasons above stated. ·Or, even if we were to assume that the power continued and that the sale by Haight thereunder conveyed the title of the Brisbin children, still the purchaser at the execution sale would have obtained nothing of any rights arising under the instrument of July 24, 1876; for, if we should hold that Giles S. took anything thereby he did not take any title to real estate.

This will has been before us in one form and another three times at least. In two instances the opinions are not reported, but they are in harmony with what we have said. We may refer also to *Haight v. Brisbin* (96 N. Y., 132, and same title, 100 id., 218). The court below decided this case on the ground that this demurrer brought up also the question whether the complaint stated a good cause of action, and the court held it did not. The question as to the equitable conversion is important often in determining who shall receive property according to the wishes of the testator; but it does not mean an actual change of one kind of property into another. And the title acquired under the sheriff's sale must depend on what legal title the judgment-debtor had, and how far that might be affected by a power of sale to which it was subject. We have already held in two instances that the title descended to the heirs of Mrs. Bailey, subject to the lawful exercise of the power. And we may further add that, if the Brisbin children, as plaintiff claims, conveyed a legal life estate to Giles S., then there are two alternatives; such life estate was or was not subject to the power of sale. If it was, then plaintiff's title was lost by the sale; if it was not, then plaintiff must bring his action against the occupants of the land. It is not alleged that the executor Haight has received any income since he sold the land, or previously thereto.

The judgment of the Special Term is affirmed, with costs.

INGALLS, J., concurred.

LANDON, J.:

I concur in the result. I think that the real estate was, by the terms of the will, equitably converted into personal property, as of the death of the testatrix. It remained so at the death of Matilda Brisbin, and as such passed under the will to her children. (Story's Eq., § 793.) Giles S. Brisbin, husband of Matilda, had no estate as

tenant by the courtesy, since his wife was never seized of the land. The bill of sale of the interest and income made by Giles S. Brisbin's children to him conveyed no estate in the land; hence he had no estate which could pass under the sale upon the execution, and, hence, the complaint states no cause of action.

Judgment affirmed, with costs.