THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, APPELLANT, v. SARAH E. SHIPMAN AND OTHERS, RESPONDENTS, IMPLEADED, ETC.

*Right to mortgage the right to an assignment of dower — presumption as to the exercise of a power of sale given by a will.*

The right existing in a widow to an assignment of dower in the lands of her deceased husband, cannot be charged by a mortgage attempted to be given by her thereon.

Where the widow has been appointed executrix under her husband's will, giving her power to mortgage his real property, and no proceedings have been taken to assign to her her dower interest in his lands, and a mortgage is given by the widow upon such lands, it will be deemed to have been given by her, as executrix, in the exercise of the power conferred by the will of her husband.

APPEAL from a judgment in favor of the defendants, entered on the findings and report of a judge at an Equity Special Term, held in the city of Rochester February, 1888.

*A. H. Harris,* for the appellant.

*A. J. Abbott,* for the respondents.

DWIGHT, J.:

The action was to foreclose a mortgage of $2,500 made by Elizabeth L. Campbell (wife of Joseph Campbell, and formerly widow of Parson G. Shipman), individually and as executrix of Shipman, in which Campbell joined. By the will of Shipman the widow and executrix was empowered to mortgage, lease or sell any or all of the real estate of the deceased, for purposes specified in the will. The defendants here are the children of Shipman, who became vested with the entire estate on the remarriage of their mother. The Court of Appeals has held, on an appeal from a former judgment in this action, that, the power above mentioned was operative at the time of the execution of the mortgage in suit (*Mut. Life Ins. Co.* v. *Shipman*, 108 N. Y., 19); and the only issues presented on the new trial which followed that decision were whether the mortgage was made for purposes other than those specified in the will, and whether the plaintiff was chargeable with notice that such was the case.

At the time of the mortgage in suit a prior mortgage of $1,500 in favor of the Rochester Savings Bank existed on the same property, and had been duly recorded.   It was executed in the individual name of Elizabeth L. Campbell, described in the mortgage only as " Elizabeth L. Campbell, formerly Shipman."   It did not recite nor refer to the power, nor to the will in which it was contained.   At the time of the execution of that mortgage Mrs. Campbell had unassigned dower in the mortgaged premises.   That mortgage, being disclosed by the search exhibited to the agents and officers of the plaintiff, at the time of the application for the loan on the mortgage in suit, was by them required to be discharged, and was, in fact, by them paid out of the moneys advanced by the plaintiff on the latter mortgage before any portion of such moneys was paid to the mortgagor.   The mortgage to the Rochester Savings Bank was, in fact, given for money loaned or furnished to Campbell, the second husband, and not for any of the purposes specified in the will.   The facts, so far stated, are substantially found by the court below on undisputed evidence.   It remained only to find that the plaintiff was chargeable with notice of the purpose for which the savings bank mortgage was given, in order to defeat the plaintiff's mortgage to the extent of the money, principal and interest, paid by the plaintiff to discharge the former mortgage ; and such was the result of the trial now under review.   The trial judge held that the unassigned dower of Mrs. Campbell was such an estate or interest in the land as to give to the doweress a right to create a charge on the land by mortgage, irrespective of the power granted by the will; and, therefore, that the savings bank mortgage was not within the provision of the statute (1 R. S., 737, § 124), which is relied upon by the plaintiff as giving to that mortgage the effect of a valid execution of the power held by the mortgagor.

The language of the statute is as follows: " Every instrument, executed by the grantee of a power, conveying an estate or creating a charge which such grantee would have no right to convey or create unless by virtue of his power, shall be deemed a valid execution of the power, although such power be not recited or referred to therein." It must be conceded that without the benefit of this statute the mortgage to the savings bank was not to be deemed a valid execution of the power, but was, of itself, notice to the plaintiff of the mis-

appropriation of so much of the moneys advanced by it as was applied to the discharge of the former mortgage.

The question in this case is, therefore, narrowed to the inquiry whether the unassigned dower of the mortgagor was such an estate or interest in the land as gave to her the right to create a charge thereon by way of mortgage. This question the learned judge at Special Term decided adversely to the plaintiff on the authority of *Payne* v. *Becker* (87 N. Y. 153); *Pope* v. *Mead* (99 N. Y. 201) and *Bostwick* v. *Beach* (103 N. Y. 414).

We do not regard these cases as sustaining the proposition in support of which they are cited. As we apprehend their force they go no further than to hold that the unassigned dower of a widow is subject to sale and transfer, as a right in action, and can be reached in equity for her debts; and do not contravene the doctrine, so often declared, that the right of dower, before assignment, is a mere right or chose in action (*Aikman* v. *Harsell*, 98 N. Y., 186); that it constitutes no estate in the lands to which it relates (*Lawrence* v. *Miller*, 2 Comst., 245; *Scott* v. *Howard*, 3 Barb., 319); that it is not subject to lease or mortgage (*Marvin* v. *Smith*, 46 N. Y., 571); that although the title of the widow is consummate upon the death of her husband, she is not seized, but the heir; and she consequently claims through his seizen. (*Lawrence* v. *Miller*, *supra*, citing Cruise Dig., tit. Dower, chap. 3, § 1.)

There seems to be no conflict of authority on this question; the principal discussion which has arisen in this connection being whether the chose in action was so assignable as to enable the assignee to bring an action in his own name.

The necessary conclusion from the authorities is that while a doweress, with unassigned dower, may release or transfer her right in action by any form of conveyance or assignment which is appropriate for that purpose, she can not, by any form of instrument, convey an estate in or create a charge upon the land to which her right attaches, because she has no estate in the land upon which such instrument could have effect.

This being the case, it follows that the mortgage to the Rochester Savings Bank was to be deemed executed by the mortgagor by virtue of the power of which she was the donee; that it was on its face a valid execution of that power, and that it did not affect the sub-

sequent mortgagee with notice that its payment was a misappropriation of the funds advanced in consideration of the subsequent mortgage.

There is no evidence in the case before us of other facts to charge the plaintiff with such notice, or to put it upon inquiry as to the purpose for which the former mortgage was given; and the conclusion of law, to the effect that the plaintiff is chargeable with such notice, cannot be upheld.

For this reason the judgment must be reversed and a new trial granted.

All concur.

Judgment reversed and a new trial granted, costs of this appeal to abide the final award of costs.