### WAIT *et al. v.* CERQUA *et al.*

*(Supreme Court, General Term, Second Department. May 18, 1889.)*

VENDOR AND VENDEE—TITLE—POWERS OF EXECUTRIX.

    Where a will gives the executrix "power and authority to sell, dispose of, and convey all and any portion of" testator's estate, a deed executed by the executrix will convey a good title, and the fact that there has been no advertisement for claims or accounting is immaterial.

Action by Harriet M. Wait, as executrix of the will of W. Howard Wait, deceased, and others, against Sarah Ann Cerqua and A. E. Cerqua, to compel defendants to take title to land.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

BARNARD, P. J. This will appoints the wife and another executors. The widow only has qualified and acted as executrix. The income of $5,000 is given to each of the sons, Howard St. C. Wait and Erskine L. Wait. The income of each fund is to each during life, and to the issue of each, respectively, at the death of either son. If one of the sons dies without issue, the $5,000 he had enjoyed the use of is to be paid to the surviving brother. If he left issue, the $5,000 is to go to his issue. Of the rest and residue of the estate the widow is to have the use during life. At her death it is to go in the same way. If either son shall have died leaving issue, one share shall go absolutely to the issue, so that the property shall vest in some of them at the end of two lives; the sum of $5,000 being held in suspense by the will only for the life of the two sons, and the portion of the estate bequeathed to the mother being held in suspense for the life of the mother and one son. The right of this executrix to sell the real estate or any the testator may have left under this will cannot be disputed as a power to sell and convey, as there are no restrictions in the will by way of charge or limitation or otherwise. The fifth section says: "Power and authority to sell, dispose of, and convey all and any portion of said estate," etc. The case of *Chamberlain* v. *Taylor*, 105 N. Y. 187, 11 N. E. Rep. 625, has no bearing upon this case, where there is a failure to make a valid disposition of the property, involving the primary disposition of nearly the whole estate. The case of *Insurance Co.* v. *Shipman*, 108 N. Y. 19, 15 N. E. Rep. 58, is in line with the view taken of the case upon the main principle of it. The will gives the authority to sell and convey the real estate; and by the conveyance tendered to the purchaser in this action a good

and valid title is made in fee-simple to the purchasers, provided the testator had such at his decease. There is no contention upon this point. The fact that there has been no accounting, or that there has been no advertisement for claims, has no bearing. The executrix has full power to sell, in order to carry out a valid will, and she but acts in the line of her duty, so far as shown. The purchaser has no excuse upon the facts shown, for not completing her purchase.