(12 Misc. Rep. 216.)

### STRUBE v. LEUTZBACH.

#### (City Court of Brooklyn, General Term. April 22, 1895.)

TESTAMENTARY POWERS—SALE OF REAL ESTATE.

Testator, after giving a pecuniary legacy, directed the balance of the estate to be divided equally among his children, and gave the executor the full power to sell said estate to his best knowledge. The pecuniary legacy absorbed all the personal property. *Held*, that a general power in trust to sell the real estate was given to the executor.

Controversy between Louis Strube, as executor of the will of Phillip Leutzbach, deceased, plaintiff, and Delia Leutzbach, defendant. Judgment for plaintiff.

Argued before CLEMENT, C. J., and VAN WYCK and OSBORNE, JJ.

W. W. Butcher, for plaintiff.

John H. Wolters (Stephen B. Jacobs, of counsel), for defendant.

VAN WYCK, J. This is a submission under section 1279 of the Code of Civil Procedure. The will of Philip Leutzbach gives $800 to his daughter Therese, directs the balance to be divided equally between his three minor children, Therese, William, and Frederick, and appoints the plaintiff, Strube, his executor, giving him full power to sell said estate to his best knowledge. He left $800 in personal estate, and the balance in real estate. Does this will give the executor good power to sell real estate? is the question we are called upon to answer. We think it is manifest that a general power in trust is confided to the executor to sell the real estate, with a clearly-implied duty imposed upon him of dividing the proceeds therefrom equally between these three minor children. Kinnier v. Rogers, 42 N. Y. 531. If the defendant is correct in his contention that this power clause creates a beneficiary power in favor of plaintiff, Strube, vesting an absolute estate in him as the donee of the power, we are satisfied Strube, after conveying as executor, would be estopped from thereafter setting up any claim to the same in his own right. Plaintiff is entitled to judgment, with costs. All concur.