### WEBER v. COMMISSIONER OF INTERNAL REVENUE.
### No. 253.

Circuit Court of Appeals, Second Circuit.
May 13, 1940.

---

Thomas M. Wilkins, of Washington, D. C., for petitioner.

Samuel O. Clark, Asst. Atty. Gen., and Sewall Key and L. W. Post, Sp. Assts. to Atty. Gen., for respondent.

Before SWAN, CHASE, and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

The commissioner gave notice to the petitioner of income tax deficiency of $6,560 for the year 1933. The commissioner claimed that the estate of one Schaub had realized a gain of $52,480 on sale of a farm and had become liable for income tax of $6,560, and that as the executors had not paid the tax the petitioner was liable as transferee. The Board of Tax Appeals sustained the commissioner.

Philipina Schaub died in 1923, seized of a farm in Queens County, New York. By her will she gave specific legacies and pecuniary legacies to her three children and to others, and then wrote: "All the rest residue and remainder, of all my real and personal property of what nature and kind and wheresoever situated I give, devise and bequeath unto my children as above named, to be divided unto them equally, share and share alike, * * *".

There followed a power of sale to the executors, in the following terms: "I direct my executors, as hereinafter named, to sell and convey all my real property of what nature and kind, at a public or private sale, and empower them to give a proper deed or deeds of conveyance for the same, and out of the proceeds thereof to divide the same unto my said legatees as above-named, as by this will directed."

The testatrix was survived by the three children named in the will, the petitioner being one of them. In 1929 the executors sold the farm for $100,000, $25,000 in cash and $75,000 by purchase money mortgage. The cash was distributed in the same year to the two children then living and to the successor of a child who had meanwhile died. Nothing turns on the death of that child, and for convenience the later transactions will be discussed as if all three children had lived on. The executors filed an information return for 1929, showing a profit of $69,973.33 on the sale, reporting one-fourth of it as income received in 1929 and reporting distribution of it to the three children of the testatrix.

The $75,000 mortgage matured and was paid off in 1933. The $75,000 was received by the executors and after deduction of expenses was forthwith paid over to the three children. The executors filed an information return for 1933, reporting the remaining three-fourths of the profit at $52,480, and reporting distribution to the children. Each of the three children filed a return for 1933 and included one-third of the profit and paid the tax resulting. The commissioner determined, however, that the profit of $52,480 realized in 1933 was profit to the estate of the decedent rather than to the three distributees, that the estate should have paid tax on such profit, and that the petitioner as a transferee was liable for the tax. If the tax fell on the estate, it was of course for a larger sum than the aggregate taxes paid by the three children. The petitioner took the case to the Board of Tax Appeals. The Board ruled against her.

The petitioner's first point is that the profit derived from sale of the farm was profit belonging to the three children as devisees rather than to the estate. The point is well taken. Under the will the farm was devised to the three children, with a power of sale conferred on the executors. By New York law, ownership of the farm passed to the three children on the death of the testatrix. They had title, and the executors had a mere power of sale, known in New York as a general power in trust.

Real Property Law, sec. 137, Consol.Laws N.Y. c. 50. On exercise of the power, title passed from the devisees to the purchaser, and the devisees took an equivalent estate in the proceeds of sale. The New York cases make it plain that the executors did not hold the farm in trust, but had only a power of sale. Kinnier v. Rogers, 42 N.Y. 531; Erwin v. Loper, 43 N.Y. 521; Morse v. Morse, 85 N.Y. 53; Mutual Life Insurance Co. v. Shipman, 108 N.Y. 19, 15 N.E. 58. In Kinnier v. Rogers, supra, the court said of a similar testamentary disposition (42 N.Y. at page 536): "The devise was subject to the power, and until it was exercised, the title to the land itself remained vested in the children, and after its exercise, they took it in its substituted form."

Anderson v. Wilson, 289 U.S. 20, 53 S. Ct. 417, 77 L.Ed. 1004, is relied on by the commissioner but is in reality an authority for the petitioner. There the testator, a resident of New York, made no express devise of his residuary estate but directed his executors to sell the properties and to divide the proceeds into parts, one for each of named beneficiaries. He also directed the executors to hold and manage the properties until they might be sold to advantage, and meanwhile to collect the income and pay it over after deducting expenses. The executors sold a parcel of real estate at a loss. It was held that under New York law the executors took title to the real estate in trust for the beneficiaries, and that consequently the loss was suffered by the trust estate. Justice Cardozo pointed out that while there was no express devise of the estate to the executors, the active and continuing duties imposed on them by the direction to manage the properties and to collect and distribute income sufficed to give them ownership or title and not a mere power. The distinction between the Wilson case and this case rests in the fact that here no power of management pending a sale was given to the executors. The importance of this distinction was pointed out in a leading New York case cited by Justice Cardozo, Morse v. Morse, supra, 85 N.Y. 53, at page 58: "Authority given to an executor to sell lands, unless accompanied with a right to receive the rents and profits, vests no estate in the executor, but the lands descend to the heirs or pass to the devisees of the testator, subject to the execution of the power."

With legal and beneficial title in the children and a mere power of sale in the executors, the profit realized on sale belonged to the children and was taxable to them, to the exclusion of the estate. In the Wilson case Justice Cardozo said: "The representatives of the taxpayer contend that the executors had no title, but only a power in trust, and that, subject to the execution of that power, the taxpayer was owner. If that be so, the loss was his and no one else's. A mere donee of a power is not the owner of an estate, nor to be classed as a juristic entity to which a loss can be attributed" 289 U.S. 20, at page 24, 53 S.Ct. 417, at page 419, 77 L.Ed. 1004. The Board was in error in holding that the tax fell on the estate and that the petitioner was liable as transferee.

■ The petitioner's second point is that even if the gain on sale of the farm was income of the estate in 1933, the gain was paid over in the same year to the three children and was deductible by the estate in computing net income by reason of section 162(c) of the Revenue Act of 1932, 26 U.S.C.A.Int.Rev.Code. § 162(c). This point is also sound. Section 162(c) provides: "In the case of income received by estates of deceased persons during the period of administration or settlement of the estate * * *, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary."

The gain realized in 1933 was paid over in the same year by the executors to the children. Beyond doubt the payment was "properly" made, for the children, whether or not they had title to the proceeds, had the right to an immediate distribution. We cannot grasp the commissioner's argument that the profit on the sale "was never payable to them as such but was paid to them in discharge of their legacies." The profit was payable to them as profit, because it was part of the proceeds of sale of the farm. See Commissioner v. Stearns, 2 Cir., 65 F.2d 371. On the assumption that it was the estate which realized the profit, the case is squarely within section 162(c).

The tax on the profit was not payable by the estate, and the commissioner was in error in pursuing the petitioner as transferee. She discharged her liability when she paid tax on one-third of the profit. The decision of the Board will be reversed.