FANNIE B. HAIGHT et al., Appellants, *v.* GILES S. BRISBIN, Executor, etc., Respondent.

The will of C. directed and empowered her executors to sell her real estate " for the best price that can be obtained for the same, and at such time or times as shall in their judgment be for the best interest of all concerned," and the proceeds were given them in trust for the benefit of certain beneficiaries. In an action brought about five years after the death of the testatrix, for the removal of the only executor who qualified, because of alleged neglect of duty in omitting to comply with this provision, the referee found that there had been no demand for the property, and its depreciation in value after the death of the testatrix was due to the state of the real estate market in the place where the property was situated ; that the executor had made all reasonable efforts to sell, without success, and that prior to the trial no offer had been made by any person to purchase. *Held*, that the relief sought was properly denied; that while the direction to sell was imperative, the time of sale was in the discretion of the executor, and his judgment, exercised in good faith, was conclusive.

*It seems*, that if the executor fails to exercise his judgment the court may put him in motion or act in his place.

(Argued May 5, 1884 ; decided May 9, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made January 23, 1883, which affirmed a judgment in favor of defendant, entered upon the report of a referee.

The nature of the action and the material facts are stated in the opinion.

*Edward Fitch Bullard* for appellants. The heirs cannot bring partition because the will has already converted the real estate into personal by a peremptory direction to sell. (*Morse* v. *Morse*, 85 N. Y. 53.) The power to sell in this case is imperative and does not depend upon the will of the grantee. (1 R. S. 734, § 96.) The fact that the trustee had a discretion as to the time and manner of sale does not prevent it from being imperative. (*Arnold* v. *Gilbert*, 5 Barb. 190 ; *Hooley* v. *Guire*, 9 Abb. N. C. 8.) The direction to sell, being imper-

ative, the real estate in equity is deemed converted into personal. (Tiffany, etc., on Trusts, 17.) Although a mere power in trust it is equally a conversion. (Tiffany, etc., on Trusts, 79; 2 Keen, 653.) The trustee was directed to sell within the time allowed by law. (Tiffany, etc., on Trusts, 1, 29; 2 R. S. 92, § 52; *Dimes* v. *Scott*, 4 Russ. 195.) The delay beyond that period was negligence which would authorize his removal. (Tiffany, 580, 585; *Burner* v. *Meigs*, 64 N. Y. 516; 1 R. S. 738, §§ 70, 71; *Quackenbush* v. *Southwick*, 41 N. Y. 121; *People* v. *Merton*, 9 id. 176; *Matter of Mechs'. B'k*, 2 Barb. 446; 1 R. S. 730, §§ 70, 77; id. 734, § 102.) Brisbin alone could execute the power because the other two executors renounced. (*Leggett* v. *Hunter*, 19 N. Y. 445.) If the defendant was not to be removed, then the plaintiffs were clearly entitled upon the undisputed facts to have the trustee give security. (*Wood* v. *Wood*, 4 Paige, 299.) If the trustee was not to be removed, then plaintiff was entitled to a decree directing him to perform his duty and execute the trust, which the referee erred in refusing. (*Van Boskerck* v. *Herrick*, 65 Barb. 252; 1 R. S. 734, § 96; Willard's Eq., §§ 328, 329.) The referee erred in refusing to allow the plaintiff to prove that the trustee was insolvent. (1 R. S. 730, § 70.)

*George B. Lawrence* for respondent. The plaintiffs having utterly failed to show any other or different facts in this action than were shown on the trial of the former action, the judgment on said former trial is a bar to the removal of the trustee in this action. (*Crabb* v. *Young*, 92 N. Y. 56–64, 65.) An application for the removal on the ground of insolvency should be denied where it appears there is no other valid objection, and the insolvency existed and was known to the parties who appointed the trustees, previous to the appointment. (*Paddock* v. *Palmer*, 6 How. 215, 216; *Van Boskerck* v. *Herrick*, 65 Barb. 250, 257–259; 2 Story's Eq. Jur. [12th ed.], § 1287.) The referee having come to the conclusion upon all the facts as presented to him that the trustee had not been guilty of negligence or of any wrong-doing in relation to the property,

and that he is as fit to be trustee now as when appointed, he was right in refusing to exact security. (*Van Boskerck* v. *Herrick*, 65 Barb. 250, 258, 259.) The fact that the trustee is poor does not furnish such reasonable grounds for apprehension as would justify his removal. (*Crabb* v. *Young*, 92 N. Y. 67 ; *Paddock* v. *Palmer*, 6 How. 215.)

DANFORTH, J. The object of this action is the removal of the defendant, Giles S. Brisbin, from the office of executor and trustee, to which he was appointed by the will of Catharine S. Bailey. The ground of action is his alleged neglect of duty in omitting to carry into effect the direction of the testatrix in regard to the conversion of certain real estate. The clause of her will upon which the plaintiffs rely, is as follows : " I direct and empower my executors hereinafter named to sell and convey all the real estate of which I shall die seized, for the best price that can be obtained for the same, and at such time or times as shall in their judgment be for the best interest of all concerned, and the proceeds arising therefrom, together with the rest, residue and remainder of my personal property I give and bequeath to my said executors in trust as follows : The same to be by them safely and securely invested and reinvested, and the interest and income arising therefrom, to be by them annually, after the same shall be so invested, paid" to her two daughters, of whom the plaintiff, Fannie B., is one, during their natural lives, and upon the death of each daughter, to pay the principal of which she shall have received the income, to her children.

Three executors were named by her, but Brisbin alone qualified. The testator died in September, 1871. This action was brought in September, 1876. The issues were sent to a referee for trial, and after evidence from both parties, he reported in favor of the defendant, showing among other things, in substance, that there had been no demand for the property ; that its depreciation in value after the death of the testatrix was due to the condition of the real estate market in the village where it was situated, and for which the executor was not to blame ;

that he had made all reasonable efforts to sell it, but without success, and that prior to the trial no offer had been made to him by any person to purchase it.

The plaintiff's contention was that the property should be disposed of at once and at all hazards, if not at private then at public sale; that not only was the direction to sell positive, but that delay was inadmissible.

The learned counsel for the appellants calls our attention to *Dimes* v. *Scott* (4 Russell, 195), as decisive of this question. It lacks, however, an essential element found in the case before us. In the case cited the executors were directed by the testator to convert the personal estate into money and invest the proceeds in a way stated. The language of the will was imperative. In this the testatrix, as we have seen, directs her executors to sell the real estate of which she shall die seized, but leaves the time of sale to be determined by their discretion. This clause cannot be disregarded. - In both cases the intent to have the land sold is absolute, but in the latter the testatrix relies upon the judgment of her executor as to the time of sale, and whatever the court might think as to the expediency of an immediate sale, or a sale at some fixed time, its opinion cannot control the discretion of the executor in that respect. His judgment upon the question is conclusive if exercised in good faith. (1 Story's Eq. Jur. [10th ed.], §§ 169–170 a.; *Bunner* v. *Storm*, 1 Sandf. Ch. 357; *Hancox* v. *Meeker*,* Court of Appeals, April 14, 1884.) In view, probably, of this rule, the complaint charges such acts and omissions on the part of the acting executor, as would, if true, subject him to the interference of a court of equity. But the allegations were put in issue, and the trial court has found not only that they were not proven, but on the contrary, that the executor has at all times been ready and willing to sell the property in question at a fair price, and has taken the usual means, by advertising and otherwise, to make that disposition known.

It appears, also, from the same findings that the executor

---

* 95 N. Y. 528.

has not been guilty of negligence in respect to the matters in question, nor of any omission of duty, and that the failure to sell the property has not been owing to any fault on his part. The fact that the plaintiff's attorney, while being examined as a witness, during the progress of the trial, offered to purchase the property at $4,000, can hardly be considered as of sufficient weight to overcome the general conclusion of the referee, and its approval by the Supreme Court. If, however, such an offer should be made at a time and under circumstances calling for the attention of the trustee, his refusal to consider it would be some evidence of an indisposition to render the estate available to the beneficiaries. If not satisfied with the offer, it might be his duty, in view of the great lapse of time since the death of the testator, and his inability to get more at private sale, to dispose of the property by auction, making the offer already tendered an upset price. Full effect must be given to the will of the testatrix as·expressed in the creation of the trust, but the rights of the *cestui que trust* are to be regarded, and after a reasonable time, and upon default of the trustee, its execution may be compelled by those for whose benefit it was created. Without a sale at some time the intention of the donor would be defeated, and a court of equity will not allow this to happen by reason of any omission of the trustee. It seems that circumstances beyond his control have so far rendered the property unsalable at a price which seemed possible during the life of the testatrix. But the object of the trust should be promoted, and this requires an actual as well as a technical conversion of the property into money, if it can be made. To sell is imperative upon the trustee; the time of sale only is in his discretion, but that must be exercised, as the will itself declares, for the best interest of all concerned, and although that is left to the judgment of the trustee, it is to his unbiased and active judgment in so carrying out the wishes of the testatrix that provision may be made for the benefit of her daughters in the manner she has directed. If he fails to exercise his judgment so as to accomplish this purpose, the court may put him in motion or act in his place; it will not permit

them to suffer from his negligence or misconduct. No case is made for such relief in this action, and we agree with the Supreme Court in the opinion that no error was committed by the referee either upon the trial or in his answers to the requests of the plaintiff for further findings.

It follows that cause for the removal of the executor was not shown, and hence that the judgment appealed from should be affirmed.

All concur.

Judgment affirmed.

| 96 | 137 |
|141 | 128 |
| 96 | 137 |
|149 | 375 |
| 96 | 137 |
|152 | 411 |
| 96 | 137 |
|154 | 35 |
|154 | 53 |