Exceptions sustained and a new trial granted.

E. CLARENCE HOVEY and WILLIAM NELSON BLAKE-MAN, Jr., as Executors of the Last Will and Testament of REBECCA E. ROBERTSON, Deceased, Plaintiffs, v. GEORGE E. CHISOLM, Defendant.

*Power of sale of land — to be exercised as " deemed expedient and for the best interest of all my legatees " — not properly exercised where there is sufficient personal property to pay all the legacies — title acquired thereunder.*

A testatrix, by her will, provided that her executors should " have full power and authority at any and all times, in their or his discretion, to sell and dispose of my real estate, or any part thereof, either at private or public sale, as they or he shall deem most expedient and for the best interest of all my legatees hereinbefore referred to." By the next item of the will the testatrix gave, devised and bequeathed to her executors, and to the survivor of them, all the residue of her estate in trust, for the establishment near the city of New York of a summer home for poor females, and directed her executors, or the survivor of them, "to assign, transfer and convey all my said residuary estate, both real and personal, and the proceeds thereof, if sold, to such corporation."

The personal property left by the testatrix was sufficient in value to pay all her debts, funeral expenses, the expense of the administration of her estate, and all the pecuniary legacies given by her will.

*Held,* that the power of sale was qualified by the provision that it must be "expedient and for the best interest of all my legatees hereinbefore referred to."

That it could not be expedient for the executors to execute the power of sale, under such circumstances, as the legatees would have no interest in its execution.

That if the executors had on hand sufficient funds to pay all the legacies referred to in the power of sale, they could not give a good title to real property left by the testatrix to a party who purchased knowing this fact.

*Semble,* that a purchaser would take a good title under such a power of sale, if he acquired it in good faith and in ignorance of the fact that because of an abundance of assets there was no necessity for the execution of the power, as, under such circumstances, the exercise of the power by the executors would be sufficient evidence that they deemed it expedient to do so.

Submission of a controversy, on an agreed statement of facts, for the decision of the court as to whether the plaintiffs, as executors, were entitled to a judgment for the specific performance by George E. Chisolm of a certain contract or agreement for the sale and purchase of real estate, together with costs, or whether the said George E. Chisolm was entitled to a return of the money paid or deposited under said contract or agreement, together with costs.

*Austen G. Fox,* for the plaintiffs.

*John M. Bowers,* for the defendant.

Van Brunt, P. J.:

The plaintiffs, as executors, made a contract with the defendant for the sale to him of a piece of land of which their testatrix died seized.

The defendant raised various objections to the title, only one of which it is considered necessary to notice here, viz., that the executors under the power of sale contained in the will of their testatrix could not give a good title to the premises in question, and the validity of this objection is presented in this action. The will of the testatrix which was admitted to probate, after directing the payments of her debts gave legacies in various amounts to various persons, and then proceeded as follows:

*Thirteenth.* I do hereby will and direct that my executors hereinafter named, or such one of them as shall take upon himself the

execution of this my last will and testament, shall have full power and authority at any and all times, in their or his discretion, to sell and dispose of my real estate or any part thereof, either at public or private sale, as they or he shall deem most expedient and for the best interest of all my legatees hereinbefore referred to, giving and granting unto my executors and to the survivor of them, or to such of them as shall take upon himself the execution of this my last will and testament, full power to execute and deliver good and sufficient deed or deeds of conveyance to grant and convey the same to the purchaser or purchasers thereof.

*Fourteenth.* All the rest, residue and remainder of my property, whatsoever and wheresoever situate, both real and personal, of which I may die seized and possessed, or in any wise entitled to, I give, devise and bequeath to my executors and to the survivor of them, in trust for the establishment, near the city of New York, of a summer home for poor families, for the purpose of enabling poor and indigent families to have, free of expense to them, a short period of rest and recreation in the country during the summer months, and for the permanent endowment of such home to be known as the " Gilbert A. Robertson Home." I direct my executors to take prompt measures for the incorporation of a society for the purposes of said trust, and if such society be incorporated within five years next after my decease, and during the lifetime of my said executors or either of them, then I give, devise and bequeath, and I direct my said executors, or the survivor of them, to assign, transfer and convey all my said residuary estate, both real and personal, or the proceeds thereof, if sold, to such corporation.

It is admitted by the submission that the testatrix died possessed of personal property sufficient in value to pay all her debts, funeral expenses, all expenses of administration and all the pecuniary legacies given by her will, *and that her executors received from her sufficient personal property to pay and discharge all the above obligations.* In other words, it is admitted that the plaintiffs received from the property of the testatrix sufficient personal property to discharge all their obligations as executors.

It is urged by the plaintiffs that the testatrix made her executors the sole judges of the expediency of a sale of the whole or a part of the real estate, and that even if that were not so, and it was open to

the defendant to show that because of some extrinsic fact the power of sale had become inoperative, yet the burden of proof would be upon the defendant to show such fact, and the bare fact that the testatrix at her death was possessed of personal property that was then sufficient in value to discharge all pecuniary legacies, funeral expenses, debts and expenses of administration, does not show that four months thereafter it could not be expedient and for the best interest of the legatees to sell a part of the real estate; and the execution of the contract of sale is evidence that the executors deemed it expedient to make the sale.

In the foregoing proposition the learned counsel for the plaintiffs has strangely overlooked the terms of the will by which the power of sale is conferred and the conceded facts contained in the submission. No power of sale seems to be conferred by the terms of the will upon the executors if they shall deem it for the best interest of the legatees to sell. It is only in case they deem it "most expedient and for the best interest of all my legatees *hereinbefore* referred to," that a power of sale is conferred; and if the executors have on hand sufficient funds to meet all the legacies referred to in the power of sale, they certainly cannot give a good title to a party who knows this fact, and who must know that it cannot be expedient for the executors to execute the power of sale under such circumstances, as the legatees can have no interest in its execution, and, therefore, it cannot be for their best interest that such power should be exercised.

If a party, however, should take a title under such a power of sale in good faith, being ignorant of the fact that because of an abundance of assets there was no necessity for the exercise of the power, he would undoubtedly acquire a good title, because under such circumstances the question would not be whether it was, in fact, expedient, but whether the executors deemed it expedient, and the exercise of the power would be sufficient evidence that they did deem it expedient. But where a party knows that the legatees can have no interest in the exercise of the power, because there is ample personal estate to pay all legacies and demands, a different rule must prevail, as the purchaser is aware that under such circumstances the executor has no power to act.

Suppose a will contained certain legacies and a power of sale, if

the executors deemed it for the best interest of the legatees named in those legacies, and all the legacies had lapsed by the death of the legatees before the testator, would it be urged for a moment that the power of sale survived?

It is tacitly conceded by the argument of the plaintiffs, that if these legacies had been paid the power of sale could not be executed; what is the difference if the executors have in hand ample assets to pay them? Clearly none. In neither of these cases could the legatees have any interest to be advanced by an execution of the power of sale.

The plaintiffs' counsel claims that even if the defendant can be permitted to show that, because of some extrinsic fact, the power of sale had become inoperative, yet the burden of proof would be upon him to show such fact, and the court, in the case of a submission of a controversy without action, will not go beyond the very fact stated, in order to help the defendant to sustain his objection. As an abstract proposition this may be true, but the court is bound by presumptions that of necessity arise from conceded facts, and it must give effect to these presumptions.

In urging this proposition the counsel states that the bare fact that the testatrix at her death possessed sufficient personal property to discharge pecuniary legacies, and all other demands and expenses, does not show that four months thereafter it could not be expedient and for the best interest of the legatees to sell a part of the real estate. There is no such bare fact presented to the court in this action, and the counsel completely overlooks the last two lines in the paragraph of the submission in which the subject is treated of, which are as follows: "And that her said executors received from her sufficient personal property to pay and discharge all the foregoing obligations." The bare fact referred to by counsel is completely clothed by the further admitted fact that the executors had received sufficient funds from the personal estate to meet all obligations; and as they must be presumed, in the absence of evidence to the contrary, not to have lost or squandered these funds they had them at the time of the execution of this contract of sale, and consequently they could not have deemed it for the best interest of the legatees named in the will, under the power, to sell the real estate, as such legatees could not possibly have any interest to subserve by such sale.

We are referred to the words "if sold" in the residuary clause of the will, for the purpose of showing that a general power of sale was intended. This may possibly have been the intention of the testatrix, and upon a construction of the will in question, with all the parties in interest before it, the court might be able to harmonize these conflicting provisions, but the purchaser is not bound to take the risk of such a construction in this action which would bind none of the parties in interest, they not being before the court.

The title offered to the defendant is not free from reasonable doubt, and he should, therefore, have judgment upon the submission, with costs.

Judgment for defendant, with costs.

BARRETT and BARTLETT, JJ., concurred.

Judgment for defendant, with costs.