## CARROLL v. CONLEY.

*(Supreme Court,. General Term, First Department.* May 9, 1890.)

1. WILLS—CONSTRUCTION—ESTATE.
    A testator directed that the residue of his real and personal estate should "go" to his daughter, and he then devised to her all his real estate, "to have and to hold the same to her in her own right," subject to a certain expenditure in favor of her sister. By a subsequent clause, testator declared that it was his will "that, in the event of my daughter dying without marrying and leaving children her surviving, the estate given to her in the previous clause * * * shall go to the next of kin of my blood," etc. *Held* that, having survived her father, the daughter took the absolute fee of the realty, and that the contingency of her death, referred to, was a death during the life-time of her father.

2. TESTAMENTARY POWERS—AUTHORITY OF EXECUTOR TO SELL LAND.
    Where, under a will, the executors are given a power of sale over the real estate if, in their judgment, "it be for the advantage of the estate," the judgment of the surviving executor is conclusive so far as the title conferred upon the purchaser is concerned.

Case submitted on agreed statement.

This controversy arises upon the question of the right of plaintiff, as surviving executrix of her father, Hugh Kelly, deceased, to convey property of her testator. Defendant, John Conley, Jr., claims that, under that will, plaintiff has no right to convey the premises in question, and that she has only life-estate therein, and is not entitled to convey as executrix.

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

J. *Delahunty*, for plaintiff. *George R. Westerfield*, for defendant.

BARRETT, J. Two questions are here presented: *First*, whether Mary E. Carroll took an absolute estate in fee under her father's will; *second*, whether the plaintiff, as surviving executrix, was entitled to convey the premises in question under the power conferred by the fifth clause of the will. Both questions should be decided in the plaintiff's favor.

By the third clause of the will an absolute estate in fee was given to Mrs. Carroll. That clause reads as follows: "*Third.* It is my will, and I do hereby so direct, that all the rest, residue, and remainder of my property and estate, both real and personal, go to my daughter, Mary Ellen Kelly; and I do hereby give, devise, and bequeath to her all my real estate, wheresoever situate, and all my personal estate, to have and to hold the same, to her in her own right, and free from the control of any husband she may intermarry with, subject, however, to the provisions contained in clause second in favor of my sister, Rosanna." The question is not affected by the provision in the second clause in favor of Rosanna. That is simply a direction to the executors and trustees to expend out of the estate such sum or sums as may be sufficient to provide Rosanna with apartments to live in. Indeed the defendant concedes that this third clause, standing alone, would plainly give Mrs. Carroll (who is the daughter in question, and who before her marriage was named Mary Ellen Kelly) a fee subject to the bequest to Rosanna. He claims, however, that the fourth clause indicates an intention on the testator's part to limit his daughter to a life-estate. The fourth clause is in these words: "*Fourth.* It is my will that, in the event of my daughter dying without marrying and leaving children her surviving, the estate given to her in the previous clause of this my will shall go to the next of kin of my blood, and not otherwise, share and share alike, in equal portions, in conformity with their relationship to me." We think it entirely clear that the death here referred to was the death of the beneficiary during the life-time of the testator. The case of *Quack-*

*enboss* v. *Kingsland,* 102 N. Y. 128, 6 N. E. Rep. 121, seems to be directly in point; and it is quite decisive. The only difference between that case and the present is that there the devise of the residue was to the testator's son Daniel, "and to his heirs." The difference, however, is immaterial, so far as the question under consideration is concerned; for in the present state of the law the words "and to his heirs" have no special significance, and are really surplusage. The language of the present devise, which is exceedingly broad and comprehensive, equally indicates an intention to give an absolute fee; and there is nothing elsewhere in the will tending to change or modify the legal sense of the testator's words as used in this third clause. The case on this head is also within the principle enunciated in *Black* v. *Williams,* 4 N. Y. Supp. 243.

The other question is equally clear. The power of sale is given to the executors and trustees if, in their judgment, "it be for the advantage of the estate." The judgment of the executors upon this head is conclusive so far as the title conferred upon the purchaser is concerned. *Roseboom* v. *Mosher,* 2 Denio, 61. This case was followed in *Taylor* v. *Morris,* 1 N. Y. 341, where it was held that the statute applies to discretionary as well as peremptory powers, and that, where any of the executors neglect or refuse to qualify, the sale under such a discretionary power may be made by the executors who take upon themselves the execution of the will. This applies equally to the surviving executor.

Upon both points, therefore, we are of opinion that the plaintiff is able to give a good and marketable title, and that she should have judgment accordingly, with costs. All concur.