## WILCOX v. QUINBY et al.

*(Supreme Court, General Term, Second Department.  July 22, 1892.)*

1. LIFE TENANT—RIGHT TO SALE OF REAL ESTATE—COMPELLING EXECUTOR TO SELL.
    Where testator's realty rents for farm purposes for a sum so small as to give the life tenant no income, but is very valuable as suburban property, and the direction in the will to convert is absolute, the time of sale being left to the executor's discretion, and over 20 years have elapsed since testator's death without any attempt at public sale, the life tenant is entitled to a decree ordering the executor to sell at whatever price the property will bring.

2. SAME—CONTRACT PENDING SUIT.
    In such case the executor cannot defeat the life tenant's action to compel a sale of the real estate by making a contract of sale pending such action.

3. EXECUTOR—MISCONDUCT—REMOVAL.
    The mere delay of an executor to convert real estate into personalty when the same has increased in value is no such misconduct as will warrant his removal.

4. ACCOUNTING—RENTS—MAINTENANCE.
    In a suit against an executor to account for rents, it is a sufficient answer that they were consumed in maintaining the realty and in repaying defendant a balance due on the surrogate's decree.

5. COSTS.
    In a suit by a life tenant against an executor to compel the sale of real estate and for an accounting, where the tenant is entitled to a sale, the costs at the trial and on appeal should be paid out of the estate.

Appeal from special term, Westchester county.

Action by Anna Eliza Wilcox against Charles J. Quinby and James D. McCabe, individually and as executors of the last will and testament of Daniel Quinby, deceased, and as trustees under said will, and Egbert Quinby.  From a judgment entered on a decision at special term dismissing the complaint on the merits, and from an order giving defendants an additional allowance of costs, plaintiff appeals.  Reversed in part.

Argued before BARNARD, P. J., and CULLEN, J.

*James Flynn*, (*E. H. Benn*, of counsel,) for appellant.  *M. M. Silliman*, (*William P. Fierso*, of counsel,) for respondents.

CULLEN, J.  This action is brought to remove the defendants as executors, and to have a trustee appointed in their place, and for an accounting.  The court at special term, at the close of the evidence, dismissed the complaint. The complaint charges the defendants with having converted the testator's personal property and the rents of the real property, and with failing to account.  It also charges misconduct on their part in failing to sell the realty. As to the personal property, the evidence fails to show any conversion by the defendants, and, on the contrary, does show that they fully accounted for it before the surrogate.  Since the decree in the surrogate's court no formal account of the rents has been rendered, and the testimony of the defendant Quinby is that they have been consumed in maintaining the property and in repaying to him a balance due on the surrogate's decree.  These facts sufficiently answer the charges of the complaint in these respects.

But the serious question arises as to the failure of the defendants to sell the real estate.  This realty consists of a farm of about 170 acres lying partly in the village of White Plains.  As a farm, which presumably is the only purpose for which it could be leased, it has rented at from $400 to $600 per year, from which rent must be deducted the taxes and the expense of maintaining the property.  The plaintiff, the equitable life tenant of an undivided third, has received nothing of income from the property for eight years.  As suburban property, the farm would sell for a large sum.  The plaintiff's husband testified that in 1870 he offered for it $30,000.  This is denied by the defendant Quinby.  Be this as it may, now over 20 years have elapsed since the testator's death, and no sale has been made, until, pending this action, a contract of sale has been made.  It does not appear that this contract has as yet been car-

ried into effect. The direction of the will to convert is absolute; the time of sale only is left to the discretion of the executors. The executor testified that he has always been ready to sell at a fair price, and that he has had the property in the hands of real-estate brokers, but without offers until after the commencement of the suit. No attempt has been made to dispose of the property at public sale. The sale of the farm now effected will, if carried out, be at the rate of $500 an acre. We think, on these facts, the complaint should not have been dismissed. There has been, doubtless, no misconduct on the part of the executors, in the sense of any moral wrong, and therefore there was no ground for their removal. It is also true that the delay in the sale has resulted in a great appreciation in the value of the property. But there must come some time at which the direction of the will to sell should be carried into effect. The life tenants, the primary objects of the testator's bounty, should not be called upon to continuously sacrifice their interests to the benefit of remainder-men. We think that the plaintiff after waiting 20 years could properly insist upon a sale at whatever price the property would bring in the market. That the court can compel an executor to exercise a discretionary power of sale is unquestioned. *Haight* v. *Brisbin*, 96 N. Y. 132.

At the time plaintiff instituted her action she was entitled to relief so far as she sought to enforce a sale, and the action was properly brought. That a sale has been made pending the suit should not defeat her action, and impose upon her the burden of costs. The present contract of sale is still unconsummated, and may fail, in which case the plaintiff will be entitled to another sale. The judgment appealed from should be reversed to the extent that the defendants be decreed forthwith to sell the testator's realty, and that after or upon such sale the defendants account for the rents and profits since the decree of the surrogate. In other respects the judgment should be affirmed, except that the costs of all parties, both at the trial and on appeal, should be paid out of the fund.