WELLBROCK v. RODDY et al.

(Supreme Court, Appellate Division, Second Department. July 30, 1915.)

1. PLEADING ⬢⇒218—DEMURRER—DECISION.
   In an heir's suit for the cancellation of executors' deeds to defendants, wherein the complaint alleged that they were made for no purpose provided for by the will and in contravention thereof, of all which facts defendants had notice, it would have been sufficient, on the assumption that sales could not be valid if the grantees had notice that they were in contravention of the will, for the trial court to have decided that they were void, and overruled the demurrer of defendants admitting such to be the facts.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 549–566; Dec. Dig. ⬢⇒218.]

2. EXECUTORS AND ADMINISTRATORS ⬢⇒138—SALE—TESTAMENTARY POWER—CONSTRUCTION.
   Under a will giving the residue of testator's real estate to his executors, in trust to receive and pay out the rents, to apply the remainder of the rents toward paying the debts and the mortgages on the property, directing that upon the remarriage or death of the widow, terminating her annuity, they should convert the estate into cash and divide the net assets among testator's children, and that for the purpose of carrying out the provisions of the will, without being in contravention thereof, the executors might sell and convey at any time all or any property when in their judgment they should deem it necessary and advisable, the executors were not limited to deciding at what time it was necessary and advisable to sell, but were empowered to decide when any purpose of the will made it necessary and advisable to sell.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 560–566, 568–575; Dec. Dig. ⬢⇒138.]

Appeal from Special Term, Kings County.

Action by Walter B. Wellbrock against Edward Roddy and others. From an interlocutory judgment overruling their demurrers to the amended complaint, certain defendants appeal. Affirmed, with leave to answer within 20 days.

Argued before JENKS, P. J., and THOMAS, STAPLETON, and RICH, JJ.

Lynn C. Norris, of Brooklyn, for appellants.
Louis J. Altkrug, of Brooklyn, for respondent.

THOMAS, J. The executors of Henry Wellbrock, purporting to execute a power of sale, conveyed land to each of the appellants. The plaintiff is an heir at law of the decedent and one of the devisees of the remainder, and seeks to set aside the conveyances, to partition the land conveyed and other property, and to compel the executors to account. The appeal is from a judgment overruling demurrers to the complaint upon the ground that it does not state a cause of action against the purchasers, and that it improperly joins causes of action.

The will, among other things, gives the residue of decedent's real estate to the executors, in trust to receive and to collect the rents and profits, pay the taxes, interest on mortgages, and insurance, etc., and thereafter pay to the widow during her life the annual sum of $720 for

the support of herself and unmarried daughters living with her, as well as for their education, or, in case there be not such dependence of unmarried daughters, to pay her the annual sum of $480. It further directs the executors "to apply the remainder of said rents, with interest thereon, towards paying my just and lawful debts and paying and discharging all or any mortgages which are liens on any of my property," and to accumulate a fund for that purpose by depositing the rents as directed. The parties agree that the provision for accumulation is void, and the court correctly decided that it should be paid to the testator's children. They were presumptively entitled to the next eventual estate. The sixth clause of the will directs that, upon the remarriage or death of the widow, the executors shall convert the whole estate into cash and divide the net cash assets among the testator's children, share and share alike, with a substitutionary provision for the issue of a child dying. The obvious purpose of that power of sale was to facilitate distribution. But a larger, though maybe not unlimited, power was given by the eighth subdivision of the will:

*"For the purpose of carrying out the provisions of this, my will, without being in contravention* of the same, I authorize and empower my qualifying executors  * * * to sell and convey at any time all and any piece of my property when, in their judgment, they shall deem it necessary and advisable," and to execute necessary instruments of conveyance.

[1] The amended complaint alleges that the conveyances were made—

"for no purpose provided for by the will, and in contravention thereof, * * * of all of which facts in this paragraph alleged each of the defendants * * * had notice."

It would have been sufficient to decide that, as the demurrer admitted that the grant was in contravention of the will and the grantee had notice of it, the grant is void in each instance. The appellants contend that the trustees had the discretion to determine (1) whether the sale was necessary for the purposes of carrying out the terms of the will; (2) when the sale should be had. Admitting that for the moment, the sale could not be valid if the grantee had notice that the sale was in contravention of the will. It would have been sufficient for the trial court to stop there, and overrule the demurrer.

[2] But it went farther, and decided that the executors had no discretion to determine with finality whether the purpose of the will demanded the sale, that under the allegations of the complaint such purpose was not subserved, that the conveyance was at the risk of the grantee, and that he was not protected by the exercised discretion of the trustees. That conclusion may be examined. The power is given to carry out the provisions of the will. It is quite unnecessary to say that in terms, as it would be a necessary implication. Nothing effective is added by the further words, "without being in contravention of the same." The power could not be exercised for the purposes of the will and be at the same time in contravention of it. The authorization to the executors is to sell "at any time all and any piece of my property when, in their judgment, they shall deem it necessary and advisable."

The respondent proposes, as I understand, that the executors may decide at what time it is necessary and advisable to sell, but cannot decide whether any purpose of the will makes it necessary and advisable. If their discretion is limited to the mere time of selling, the word "necessary" is used with scant propriety; for, when the executors decide that the day is at hand when it is necessary to sell, they must determine the exigencies of the estate on that day. If the purposes of the will demand that the property be sold in whole or in part, nothing is gained by authorizing the executors to decide at what time it is necessary to sell. It would be useful to permit them to pass upon the advisability of selling at a particular date, even though they could not pass upon the necessity of selling. But, where they are to decide when it is necessary to sell, they thereby must pass upon the necessity of selling at all. Does the will mean that the question whether any sale is necessary depends upon facts which the executors cannot consider and decide? How could executors intelligently and conscientiously make a sale without considering the facts and deciding upon necessities of the estate and whether some of the land must be sold? Of course they must do so.

But even if they must consider and decide, does their decision have no force, even in behalf of a bona fide purchaser? Must he also investigate the condition of the estate, consider its necessities and whether they are such as to authorize the executors to sell? If that be so, of what use is the decision of the executors? Indeed, of what use the investigation of the purchaser, if the court may decide that he made erroneous conclusion and that the executors' decision decides nothing whatever, except as to the time of sale? That would make the power of sale a mere trap for the best-intentioned purchaser, and practically renders the land unmarketable, for no one would purchase at a provident price if the title depend upon, it may be, complicated extrinsic facts of which there is no arbiter except the court. A will should read plainly to that effect, if such was the purpose. While it is, perchance, possible to relate the word "necessary" solely to the time of selling, it is difficult to believe that the testator intended to use it in such restricted sense. I think that he meant to say that the executors should sell the land in whole or part when they deemed it necessary and advisable. As I have said, the sentence would have the same meaning if there were entire omission of the words "for the purpose of carrying out the provisions of this, my will, without being in contravention of the same."

The cases instanced by the respondent are lacking in the essential element that no discretion to determine the necessity of selling is confided to the grantees of the power. In Griswold v. Perry, 7 Lans. 98, the trustees were authorized to sell only in case of deficiency of income to support the testator's daughters, and it was decided that a conveyance under the power was void, as it appeared that there was no such deficiency. But the will did not give the trustees any apparent authority to determine the fact. In Briggs v. Davis, 20 N. Y. 15, 75 Am. Dec. 363, the grantees of land in trust for creditors reconveyed to the grantor by deed which erroneously recited that the

trusts had been executed. It was decided that a mortgage of the land by the debtor for a valuable consideration was void as against the trustees and those claiming under them. This was merely an attempt by a trustee and the maker of the trust to convey in contravention of it. It was not done in furtherance of the trust, nor did the trust instrument leave anything to the trustee's decision or discretion. Russell v. Russell, 36 N. Y. 581, 93 Am. Dec. 540, is to the effect that a power to an executrix to sell real estate "as she shall deem expedient and for the best interests" of certain legatees was not well executed by a conveyance of a portion of the land to one legatee in payment of a debt due from the testator to the legatee. It could not be clearer that the language of the power contemplated nothing like that, and the attempted execution of the power was perverse on its face.

Some other cases cited by respondent (Kirsch v. Tozier, 143 N. Y. 390, 38 N. E. 375, 42 Am. St. Rep. 729; Shepherd v. McEvers. 4 Johns. Ch. 136, 8 Am. Dec. 561) support the contention that a purchaser must take notice of the limitation of the power of the trustee, a proposition too plain to discuss. In the case at bar the purchaser was obliged to trace the executors' authority, but the question is whether he did not find it in the will. But it is said that the matter is set at rest by Smith v. Peyrot, 201 N. Y. 210, 94 N. E. 662. The action was by a broker to recover commissions for attempting to procure, at the instance of executors, money to be secured by mortgage on property of the estate. A title company refused to make the loan because it discovered that the executors were not authorized to borrow the money for a purpose not contemplated by the will, although they were empowered in their discretion to sell, convey, and mortgage any or all of her real estate "for the purpose of carrying out the provisions of this instrument." It is quite evident that the will showed that the executors had no power to give the mortgage for the purpose in view, and, as the title company knew that, it could not accept the mortgage. But the rights of a purchaser in good faith were not involved. But the question here is whether the will gave the executors power to decide a fact that involved the condition of the estate, and, if so, it falls within the rule supported by a long line of cases. Of such are Hancox v. Meeker, 95 N. Y. 528; Roseboom v. Mosher, 2 Denio, 61; Haight v. Brisbin, 96 N. Y. 132; Carroll v. Conley, 9 N. Y. Supp. 865,[1] affirmed 124 N. Y. 643, 27 N. E. 412; Hovey v. Chisolm, 56 Hun, 328, 9 N. Y. Supp. 671. The language in the case at bar is not the same as, nor is it as complete and clear as, in the cases cited; but in my judgment the testator intended just what the sentence says, that the land should be sold when the executors deemed it necessary and advisable.

The interlocutory judgment should be affirmed, for the reasons already stated, with costs, with leave to the appellants to answer within 20 days upon payment of costs. All concur.

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 56 Hun, 649.