In the Matter of the Judicial Settlement of the Accounts of
LILLIAN B. FRIEDLANDER, now LILLIAN B. LEAVITT, as
Executrix, etc., of JOSEPH B. FRIEDLANDER, Deceased.
LILLIAN B. LEAVITT, as Executrix, Appellant.

Second Department, October 3, 1919.

**Decedent's estate — accounting by executrix authorized to con-
tinue business — failure to collect debts — court — power of
Appellate Division on appeal from decree of surrogate — loss in
business run by executrix — failure to show bad faith — expendi-
tures for support of infants.**

Where a will expressly authorized an executrix to continue a commercial
business owned by the testator she cannot be charged upon an accounting
with the value of uncollected debts due to the business without proof that
the debts were lost through her negligence.

Although the executrix who continued the business has the burden of furnish-
ing evidence as to the reason for her inability to collect the debts, she can-
not be held responsible as an insurer and without any inquiry whatever as
to whether the debts or any of them were lost through her fault or
negligence.

Where an appeal from a surrogate's decree is taken upon the facts the
Appellate Division is not solely a court of review, but has the same power
to decide questions of fact that the surrogate had, and it may in its dis-
cretion receive further testimony or documentary evidence and appoint
a referee.

Report of referee finding that the executrix is not to be charged with mis-
conduct or neglect in failing to collect said debts confirmed.

Where by the terms of a will executors are authorized to continue a business
" as long as they deem it for the best interest of my estate " a sole execu-
trix has discretion as to how long she shall continue the business and
cannot be charged with losses so long as she acted in good faith. It is a
question of good faith, and not of wisdom or the exercise of such care as
another would have used.

*Held*, that the surrogate was right in refusing to credit an executrix with an
allowance made by her to her brothers on the sale of the business to
them.

Sums drawn from a business, conducted by an executrix at a time when the
business was losing money, is not income which she may use for the support
and maintenance of infants.

The court in its equitable power may allow the mother of infants, who is
also executrix of her husband's will, for moneys expended in the past for

the support of the infants from the income of the trust estate directed to be devoted to their support, although she is unable to account therefor as a trustee should account in equity.

RESUBMISSION of an appeal by Lillian B. Friedlander, now Lillian B. Leavitt, executrix under the will of Joseph B. Friedlander, deceased, from a decree of the Surrogate's Court of Kings county, entered in the office of said Surrogate's Court on the 11th day of October, 1916, settling the accounts of the executrix herein.

*Max D. Steuer* [*Henry Danziger* with him on the brief], for the appellant.

*Everett V. Abbot, Harry M. Marks, Hugo Wintner* and *Henry L. Moses,* for the respondents.

BLACKMAR, J.:

The record of the case is long and the accounts intricate and complicated, chiefly for three reasons: *First,* the power granted the executrix to continue the business; *second,* the provision of the decree appealed from, which vacates a final decree made by the surrogate's predecessor in office, dated April 11, 1907, settling the accounts of the executrix; and, *third,* the basing of the accounts on the vacated decree. We shall confine ourselves to stating the conclusion at which we have arrived on the points presented to our consideration by the appellant, with a brief statement of the reason therefor. The accounts as filed admitted a balance of assets for distribution of $3,513.99. The decree charged the appellant with a balance of $107,219.56. The appellant claims that the decree was erroneous in the following respects:

| | | |
|---|---:|---:|
| A. The payment to J. A. Solomon should have been allowed........................... | | $1,827 93 |
| B. The executrix should not have been charged with the uncollected debts due the business. | | 10,715 44 |
| C. She should have been credited with loss in the business after | | |
| October 24, 1908.............. | $4,400 00 | |
| Less profits................... | 1,726 47 | |
| | | 2,673 53 |

D. She should not have been charged
 with the sum of.............. $2,598 80
 allowed N. Bernstein,
 and with..................... 5,342 36
                                        ─────────
                                                     $7,941 16
 allowed to L. Bernstein on the
 sale of the business.

E. She should have been allowed for the mainte-
 nance of the infants...................          45,993 71

F. The interest item charged against her,
 amounting to $33,032.16, should be
 modified as required by any allowance
 which may be made.

We will consider the claims separately:

A. The respondents admit that the payment of $1,827.93
should be allowed.

B. The executrix having been authorized by the will to
continue the business, had, at the time the accounts were filed,
uncollected debts amounting to $10,715.44.

The surrogate held that the executrix was acting within
the scope of the power conferred on her by the will in con-
tinuing the business up to a certain time. He then charged
her with the uncollected debts of the business without any
inquiry whether they were collectible or whether any of them
were lost through her fault or negligence. In our opinion
the same rule does not apply to the debts incurred by an
executor in running a business under the authority of the will
as to debts due the testator. Merchants do not go to the
expense of reducing all claims to judgment. As the execu-
trix was running a commercial business, she was required to
exercise such a degree of care in realizing on the accounts
due as is exercised by the ordinarily prudent business man.
The question is whether the claims were lost through the
negligence of the executrix. As she has all the information
she should furnish the evidence. To that extent she has
the burden of proof; but she has been held responsible for
these uncollected debts, practically as an insurer, without
any inquiry whatever as to whether they or any of them
were lost through her fault or negligence.

Where an appeal from a surrogate's decree is taken upon

the facts, this court is not solely a court of review but has the same power to decide questions of fact that the surrogate had, and it may in its discretion receive further testimony or documentary evidence and appoint a referee. (Code Civ. Proc. § 2763.) We, therefore, by order dated October 4, 1918, referred the matter back to the referee to ascertain what, if anything, the executrix has collected on the uncollected accounts, to sell the remainder of them at public auction, and upon the evidence taken, and such new evidence as may be offered, to ascertain whether any portion of said claims, and if so how much, has been lost through the misconduct or neglect of the executrix. The referee made his report, dated January 27, 1919, to the effect that the executrix had collected on these accounts a net sum of $3,250.98; that the parties had agreed that the remainder were worthless; that a sale of them would be a useless and unnecessary expense, and that " the executrix is not to be charged with misconduct or neglect in failing to collect any portion of said uncollected claims." We confirm the report of the referee and, as a result, allow to the executrix the sum of $7,464.46 with a proper readjustment of interest.

C. The surrogate has charged the executrix with loss in the business, incurred since October 24, 1908, amounting to $2,673.53. The decision is based on a finding by the referee that in continuing to carry on the business beyond a certain date the executrix " failed to exercise that amount of care, prudence and intelligence that persons of ordinary care, prudence and intelligence would exercise in the management of their own affairs." A consideration of the evidence shows a situation where there was a serious question whether the business should be kept running pending a sale. The executrix had tried to sell the business. She received an offer that was approved by the surrogate, but the sale fell through on account of delays, and the order recites that the delays were caused by the contestant. The executrix continued the business in a limited way, hoping for a sale. She had to judge the situation as she saw it. The referee judged after the fact. She was acting within the scope of her power as conferred by the will. She was authorized to continue the business " as long as they deem it for the best interest

of my estate." She was the only executor, and the discretion as to how long the business should be continued was given to her. So long as she acted in good faith she incurred no liability. It is a question of good faith and not of wisdom or the exercise of such care as another would have used. To her care, prudence and intelligence the decision was confided, and she is accountable only for good faith in the exercise of the discretion. (*Walbridge* v. *Brooklyn Trust Co.*, 143 App. Div. 502; 2 Perry Trusts [5th ed.], § 511; *Haight* v. *Brisbin*, 96 N. Y. 132; 3 Williams Exrs. [7th Am. ed.] 608.) She should have been credited with the item of $2,673.53 and $310.20 interest to November 4, 1910, or $2,983.73.

D. We think the surrogate was right in refusing to credit the executrix with the allowance made by her to her two brothers, N. and L. Bernstein in the sale of her business to them.

E. The executrix claimed an allowance of $45,993.71 for the support and education of the infants. This was disallowed as not sufficiently proved. Under the express trust created in the will the executrix had the right, and it was her duty, to devote the income to the support, education and maintenance of the children during their minority. It appears that she has supported, educated and maintained them, but has been allowed nothing therefor. This is unjust. She claims that this large sum was income paid over to herself as guardian, for which she is entitled to credit, being accountable in her capacity as guardian only. But this claim was not supported by the evidence and it was rightfully rejected. Her right to use the estate for the infants is confined to the income, and it becomes necessary, therefore, to determine what the income is. The respondents in their brief compute the net income up to the date of the last account at $23,025.46. There is an error in their calculation, due to deducting from the gross income Schedules C and D, whereas a portion only of said schedules was allowed by the surrogate. Correcting the statement accordingly, we have the sum of $33,547.53. Moreover, the respondents rightfully contend that the sums drawn from the business as shown in the last statement of income while the business was losing money, is not income. This amounts to $4,726.47. Deducting this, we have as net income

$28,821.06. But the appellant accounted to Elizabeth for $4,041.80, so that the income available to the other infants is $24,789.26. The appellant, if she has expended this or any portion thereof for the infants, has not accounted for it as a trustee should account. She has relied on the fiction that the money was turned over to herself as general guardian, and seems to have filed accounts therefor. In the interest of justice these accounts should not be closed in a way to bar the appellant forever from the chance of obtaining an allowance for the proper use of the income.

EARL, J., in *Beardsley* v. *Hotchkiss* (96 N. Y. 201, 219), says: " There is no doubt of the power of an equity court to make to a father a reasonable allowance for the past and future support of his minor children, out of their property, in his hands, or in the hands of their trustees." In *Matter of Kane* (2 Barb. Ch. 375) Chancellor WALWORTH held that in a proper case an allowance might be made to a father for past support of minor children out of the estate.

We think that this is a case where the principle so enunciated may be applied and a proper allowance made to the mother for her past expenses in the support of the infant children in her care, out of the income of a trust estate which by the will was devoted to their support, education and maintenance. We have before us the history of the transactions from the beginning, the record of the accounts filed by the appellant, not only as executrix but as guardian, and voluminous testimony, and we see no reason why an end cannot be made to this long-drawn-out controversy by determining what is a just allowance to be made to the applicant for her expenses in the support and education of the child and three stepchildren who were minors at the time the account was filed. On the settlement of the accounts of the appellant as guardian of Elizabeth, such an allowance was made by agreement and $500 a year was allowed for board and care. In consideration of all the evidence, we think a just and reasonable allowance for the support, education and maintenance of the four infants would be $15,000, and we, therefore, make such allowance.

The accounts should be modified by deducting from the amount chargeable to appellant:

| | |
|---|---:|
| A.  The amount paid to Solomon............. | $1,827 93 |
| B.  Amount uncollected accounts............. | 7,464 46 |
| C.  Loss in business after October 4, 1908...... | 2,983 73 |
| E.  Allowance from income................. | 15,000 00 |
| The executrix has already accounted as guardian of Elizabeth............................. | 4,031 80 |
| Total deduction..................... | $31,307 92 |
| Interest on said amounts from November 4, 1910, to June 29, 1916, at six per cent, was charged against the executrix on the whole balance, including the above amounts.   Interest on the allowance for the same time and at the same rate should be computed.................. | 10,618 60 |
| The executrix has been charged interest on a sum which she has paid to Elizabeth.   This is error.   It is unimportant as the decree was drawn, but as modified it will introduce error if not corrected......................... | 5,378 14 |
| Making a total allowance of............. | $47,304 66 |

The decree should be modified in accordance with the opinion, and as modified affirmed, without costs.

JENKS, P. J., PUTNAM, KELLY and JAYCOX, JJ., concurred.

Decree of the Surrogate's Court of Kings county modified in accordance with opinion, and as modified affirmed, without costs.   Order to be settled before Mr. Justice BLACKMAR.