FRIEDBAR REALTY CORPORATION, INC., Plaintiff, v. EDWARD B. SANFORD, Individually and as Executor under the Last Will and Testament of PIERSON E. SANFORD, Defendant.

Supreme Court, Bronx County, November, 1922.

Wills — real property — general power of sale in executors — executors' deed valid to pass title even if personal property is sufficient to pay debts and there is no direction to divide the property — evidence — meaning of " rentals " — specific performance.

In an action by the purchaser named in a land contract containing an express representation that the gross rentals of the property aggregate a certain amount, evidence of conversations at the time of the making of the contract to the effect that the figure stated was intended to be exclusive of rentals from an advertising sign affixed to the premises, tends to qualify and alter the contract and is, therefore, inadmissible under the parol evidence rule.

The term " rentals " means payments received periodically for the use of property, especially real property, and in no way depends on the particular use made of the property by the lessee.

An executor's deed executed under a general power of sale is sufficient to divest all rights of heirs and devisees even without any expressed or implied direction to divide, and even though the decedent's personal estate is sufficient to provide for all debts, legacies and trust funds.

Although the devisees may defeat the power by uniting in an election to keep the property in kind, it is clear that there has been no such election where the executor making the sale is himself one of the devisees.

A father gave his residuary estate to his son and daughter absolutely, named them as the executor and executrix of his last will and as testamentary trustees thereunder, with full power to sell and convey any real estate of which he might die seized, not theretofore specifically devised by his will. After the death of the daughter, who died leaving her surviving two children, the son entered into a contract to convey certain lands forming a portion of the residuary estate, but when on the law day he tendered a deed executed by himself as sole surviving executor the intending purchaser rejected the title as non-marketable because of possible outstanding rights of the heirs at law or devisees of the deceased daughter of the testator. In an action to recover a deposit paid on the purchase price and attorney's fees it appeared that the personal estate of the testator was amply sufficient for the payment of all debts, legacies and trust funds. *Held*, that the title tendered by defendant was marketable and that he was entitled to a judgment dismissing the complaint and decreeing specific performance of the contract, upon his counterclaim.

ACTION to recover deposit on contract to buy land.

*Oscar L. Meyerson (Samuel I. Rosenman,* of counsel), for plaintiff.

*Francis B. Sanford (Albert J. Hiers,* of counsel), for defendant.

MARSH, J.  This is an action by the purchaser named in a contract for the purchase of real estate to recover a deposit on

the purchase price and attorney's fees. The vendor counterclaims for specific performance. The plaintiff's claim to rescind the contract is based on two grounds, *first,* misrepresentation concerning the amount of rentals received from the property, and *second,* the inability of the defendant, who is an executor, to give marketable title under a power of sale contained in the will of his testator.

The contract of sale was in writing, and contained an express representation that the gross rentals of the property aggregate $8,450. At the trial the plaintiff offered evidence of conversations at the time of the making of the contract to the effect that this figure was intended to be exclusive of rentals from an advertising sign affixed to the premises. This evidence was received subject to the defendant's objection, and permission given for a subsequent motion to strike it out, which motion was duly made and decision thereon reserved. I think that the objection was well taken, and that the conversations fall within the parol evidence rule, as they tend to qualify and alter the language of the contract. The term " rentals " has a clear and definite meaning, signifying payments received periodically for the use of property, especially real property, and depends in no way on the particular use made of the property by the lessee. The plaintiff urges that the competency of the evidence was conclusively determined by a ruling on a motion for judgment on the pleadings made previous to the trial, but the opinion of the court on that occasion shows that it was merely giving the most liberal meaning to the allegations of the complaint. The proof shows actual rental, including the sign, fully equal to the figure named in the contract, and accordingly there was no misrepresentation.

The defendant's testator, Pierson E. Sanford, died December 10, 1916, leaving a will which was thereafter duly probated, and upon which letters testamentary were issued to his son, Edward B. Sanford, and his daughter, Pauline Sanford Wendover, the executors named. The first four clauses of the will directed payments of debts and funeral expenses, bequeathed three sums of money, totaling $4,000, to the testator's son-in-law and grandchildren, and established two trust funds of $5,000 each for the benefit of testator's sister and sister-in-law during their respective lives. Then followed a bequest of $30,000 to the testator's daughter, Pauline Sanford Wendover, and a devise of his residence and home farm (conceded to be situated in Orange county) to his son, Edward B. Sanford. The 7th clause disposed of the residuary estate absolutely to Edward B. Sanford and Pauline Sanford Wendover. The will then concluded with the 8th clause, the

material portion of which reads as follows: " I hereby appoint my son, Edward Burt Sanford, and my daughter, Pauline Sanford Wendover, the executor and executrix of this my last will and testament, and the trustees of all trusts created hereunder, and I authorize and empower them to sell and convey any real estate of which I may die seized and not hereinbefore specifically devised."

The testator's daughter, Pauline Sanford Wendover, died in 1918, leaving two children. The land described in the contract which is the subject-matter of this suit lies in Bronx county and is a portion of the residuary estate. The contract was made on September 15, 1921, by Edward B. Sanford, the sole surviving executor. At the time of closing the defendant tendered a deed signed by himself as such sole surviving executor, but the plaintiff rejected it as insufficient to give marketable title because of the possible outstanding rights of the heirs at law or devisees of Pauline Sanford Wendover.

It was settled in *Crittenden* v. *Fairchild*, 41 N. Y. 289, that a power of sale may be validly conferred upon executors, even though a vested estate has already been devised to others, and that there is no inconsistency between the devise and the power. In the absence of an express charge of debts or legacies upon the land there is no presumption that the power is given to facilitate their payment, but it may be used for the convenient division of the residuary estate. *Kinnier* v. *Rogers*, 42 N. Y. 531. The power need not be coupled with any express trust, but is valid, even though general and unrestricted, at least so long as any purpose which it may serve remains unaccomplished. *Cussack* v. *Tweedy*, 126 N. Y. 81. A broad and general power imposing no limits or rules upon the discretion of the executors was upheld in *M'Cready* v. *Metropolitan Life Ins. Co.*, 83 Hun, 526; affd., 148 N. Y. 761, even though the trust created by the residuary clause was thought possibly invalid. Each of these cases arose out of a contract to purchase from the executor, and in all of them it was held that the purchaser was obliged to accept the title. I think that any possible doubt concerning the validity of a deed from an executor under a general power of sale and its sufficiency to divest all rights of heirs or devisees has been put at rest by the recent decision in *N. Y. C. R. R. Co.* v. *First Nat. Bank*, 232 N. Y. 330. It follows that the conceded sufficiency of the decedent's personal estate to provide for the debts, legacies and trust funds has no effect upon the power of sale now under consideration, nor must there have been an express or implied direction to divide the property in order to permit of its exercise.

The plaintiff relies upon *Hovey* v. *Chisolm*, 56 Hun, 328; *Landon* v. *Walmuth*, 76 id. 271, and *Salisbury* v. *Ryon*, 105 App. Div. 445.

In the first of these cases the power of sale was held not to be general and unlimited, because its exercise was expressly conditioned on what was deemed for the benefit of the legatees named in the early part of the will, and these legatees had been fully provided for prior to the sale. In *Landon* v. *Walmuth, supra,* a doubt arose upon a reading of the entire will as to whether the testator had not exempted the particular property in question from the general power of sale. There was no express power whatever in *Salisbury* v. *Ryon, supra,* and a doubtful question of law as to whether any should be implied. The plaintiff further argues that a general discretionary power of sale may be defeated if the devisees elect to keep the property in kind (*Mellen* v. *Mellen,* 139 N. Y. 210), and their election or failure to elect is matter depending on proof outside of the record, with the result that the title is unmarketable. *Fleming* v. *Burnham,* 100 N. Y. 1; *Emens* v. *St. John,* 79 Hun, 99. But in *Mellen* v. *Mellen, supra,* it was held that such an election is ineffective unless concurred in by all of the devisees, and it was further held in the same case that the refusal of certain of the devisees to concur was shown by their opposition to a suit for partition. In the case now under consideration the executor is one of the devisees, and I am of the opinion that his participation in the contract of sale as executor is sufficient presumption of his election not to join in terminating the very power under which he assumed to act.

The defendant, having tendered a marketable title upon the day of closing, is awarded judgment dismissing the complaint and directing specific performance under the counterclaim.

Judgment accordingly.