In the Matter of the Judicial Settlement of the Account of Proceeding of LAWRENCE CARSON and GEORGE GROTHEER, as Executors, etc., of CAROLINE BLOCHLE, Also Known as CARRIE BLEAKLEY and CARRIE BLAKELY, Deceased. JOSEPH W. BLOCHLE and JOE BLOCHLE, Also Known as JOE BLEAKLEY, and WILLIAM BLOCHLE, Also Known as WILLIAM BLEAKLEY, Appellants; LAWRENCE CARSON and GEORGE GROTHEER, as Executors, etc., of CAROLINE BLOCHLE, etc., Deceased, Respondents.— From a decree of the Surrogate's Court of Queens county settling an account of the executors and discharging one of such executors, certain legatees

and objectors appeal. Decree reversed on the law and the facts, with costs, payable out of the estate, to all parties filing briefs, and the matter remitted to the Surrogate's Court for further proceedings in accordance with this memorandum. The objections of the contestants to the mortgage for $2,500 made by Grotheer, the note for $950 made by Reinbothe, the jewelry, and the check for $195 given by decedent to Henrietta Wanerka to be cashed, are sustained. The evidence does not sustain the conclusion that the decedent made a valid gift of any of these items of property, or that she created any trust. As to the mortgage, the note and the jewelry, there is no adequate proof of delivery, since it does not appear that the decedent's niece had possession of the box in which they were kept, for any purpose other than safe-keeping. This is fatal to the theory of either a gift or a trust. (*Wadd* v. *Hazelton*, 137 N. Y. 215; *Young* v. *Young*, 80 id. 422.) There is no proof that any gift was made of the proceeds of the check, the niece having refused to state the purpose for which she received it. There was sufficient proof that the furniture was the subject of a gift *inter vivos*. We impose no surcharge on the executors, since they are not shown to have had possession of the mortgage, the jewelry or the proceeds of the check at any time, and their conduct in delivering the note to the ostensible payee was excusable. There is no evidence of bad faith or negligence on the part of the executors. (*Matter of Friedlander*, 189 App. Div. 90; *Matter of Fantl*, 249 id. 392.) We send the matter back and direct the executors to take such action as they may be advised to reduce to their possession the personal property above enumerated and to file another account when such action shall have been taken. We also hold that the residue of the estate must be distributed among the two brothers and the sister of the decedent named in the will. The words " the heirs herein mentioned," as used in the " eighth " paragraph of the will, used as they are here, without ambiguity, to describe distributees of an estate composed entirely of personal property, are equivalent to " next of kin " and those named take according to the Statute of Distribution. (*Armstrong* v. *Galusha*, 43 App. Div. 248; *N. Y. Life Ins. & Trust Co.* v. *Winthrop*, 237 N. Y. 93; *Tillman* v. *Davis*, 95 id. 17; *Matter of Milliette*, 123 Misc. 745; *Matter of Farkouh*, 134 id. 285.) Hagarty, Johnston, Adel, Taylor and Close, JJ., concur.